UTICA,
July, 1835.

Heacock·
v.
Sherman.

---

## HEACOCK & LOCKWOOD vs. SHERMAN.

A *bridge*, built by a corporate body, or by individuals, *over a public highway*, for their exclusive benefit, *must be kept in repair* by the parties building it, and if any injury happens to others in consequence of its being out of repair, an action lies.

If, however, such bridge is *useful* to the public, and is *generally used*, the individuals building it are not bound to keep it in repair, unless the necessity for the bridge was *originally created* by the parties building it.

The *stockholders* of an incorporated company are not individually responsible for *damages* occasioned by a bridge being out of repair, built by the company, although by the terms of the act of incorporation an action is given against them *for any demand* against the corporation—the act contemplating liability only for *demands* arising *ex contractu*.

ERROR from the Erie common pleas. Sherman brought an *an action on the case*, in a justice's court, against Heacock and Lockwood, *as stockholders of an incorporated company, called the Buffalo Hydraulic Association*, charging a bridge belonging to to the association to be *out of repair*, by means whereof a horse of the plaintiff fell through the bridge, and was so greatly in-

jured as to die in consequence of the injuries received by the fall. The defendants pleaded the general issue. The cause was tried before the justice, who rendered judgment for $50 damages. The defendants *appealed* to the common pleas of Erie, where the cause was tried by a jury. It appeared on the trial in the common pleas, that the bridge where the injury happened was built by the Buffalo Hydraulic Association, across a canal, constructed to further the objects of the association, at a place were the canal crossed a public highway; and that the bridge was out of repair. The injury to and loss of the horse was shewn. The court charged, among other things, that the defendants, as *stockholders of the association*, were liable to respond for damages incurred by any one in consequence of the bridge being out of repair, and submitted the facts to the jury, who found a verdict for the plaintiff for $85 damages, on which judgment was entered. The defendants having excepted to the charge of the court, sued out a writ of error.

*J. L. Talcott*, for plaintiffs in error.

*G. P. Barker*, for defendant in error.

*By the Court*, NELSON, J. The *eighth* section of the act incorporating the *Buffalo Hydraulic Association*, (*Statutes of* 1827, *page* 45,) enacts: " That the stockholders of the said corporation shall be holden jointly and severally to the nominal amount of their stock, for the payment of all *debts* contracted by the said corporation, or by their agents; and any person or persons having any *demand* against the said corporation, may sue any stockholder or stockholders, in any court having cognizance thereof, and recover the same with costs; *provided* that no stockholder shall be obliged to pay more in the whole than the amount of the stock he may hold in the said company, at the time *the debt accrued*." The term *demand*, is undoubtedly broad enough, if it stood alone, to embrace the claim of the plaintiff. It is a word of the most extensive signification that can be used in a release, and operates to discharge the releasee from every cause of action existing at the time in

favor of the party executing it. We must, however, look at the whole section, and the connection in which it stands, in order to fix its meaning in this case. The stockholders, in the first place, are made jointly and severally holden for the payment of all *debts* contracted by the corporation, or by their agents. The liability is here declared : it is new, and unknown to the common law ; and is in terms limited to demands *ex contractu*. The residue of the section was not intended to extend the liability thus declared, but is in furtherance of the remedy. Without it, it might be a question whether, under the first clause, a party would not be bound to sue *all* the stockholders, or but *one* of them, agreeably to the rule of law respecting joint and several obligors. 1 *Chitty's Pl.* 30. 5 *Bacon, tit. Obligation, D. 4.*

But the *proviso* to the section is conclusive upon the point. Any person having a *demand* against the corporation, is authorized to sue any stockholder, in any court, &c. " provided that no stockholder shall be obliged to pay more, in the whole, than the amount of the stock he may hold in said company at the time *the debt accrued;*" thereby clearly qualifying the enlarged meaning of the word *demand*, and shewing, satisfactorily, that it was used by the legislature to denote a demand arising upon contract. *Damage* arising upon *tort* is not a *debt accrued*, within any reasonable construction of that term. It is apparent, as well from a view of the whole section, as from an analysis of its parts, that the intent of the framers of it was only to make the stockholders individually responsible for the *debts* of the company.

If we could get over the above objection, we should have no difficulty in sustaining the recovery. The cases relied upon by the plaintiffs in error are not applicable. It is conceded in most, if not all of them, that if a bridge is built by an individual over a public highway for his own exclusive benefit, he is bound to repair it, and this in consideration of private advantage. 13 *Co.* 33. 1 *Bac. tit. Bridges,* 535, *note by Mr. Gwillim.* 2 *East,* 342. *King* v. *W. R. Yorkshire,* 5 *Burr.* 2594. 13 *East,* 220. *Woolrich on Ways and Bridges,* 202, 204, *and cases there cited.* 1 *Salk.* 359. 2 *Black. R.* 687. A bridge built by an individual over a public highway that is

useful to the public and generally used by them, or if in the course of time it has become useful, and is used by the public, must be kept in repair by the public; as, should a patriotic person build a bridge at his own expense over a public fordway, it would be more than unjust to compel him also to keep it in repair. Even should he derive a benefit or convenience individually, still, as it would be a great accommodation to the public, it ought to be repaired by the public. Here the bridge was of no sort of convenience to the public, or any person using the highway. The canal was cut for the benefit of a private company, and to promote their own exclusive interest, (accommodating at the same time the public, but for which they expected a full compensation,) by reason of which this bridge became and continues necessary. If the suit had been against the corporation, we would have held them responsible. The act of cutting the canal and building the bridge was theirs. It was authorized, and of course lawful. The obligation to repair attaches to them in their corporate capacity, upon common law principles, the same as it would upon an individual if lawfully built by him; and as the statute has not given a remedy in this or the like cases against the stockholders invidually, that of the common law should have been pursued.