John B. McSherry, Respondent, v. The Trustees of the Village of Canandaigua, Appellant.

Under the act of 1854 (§ 1, chap. 352, Laws of 1854), "enlarging the powers and duties of the trustees" of the village of Canandaigua, the jurisdiction of said trustees with respect to the village streets and sidewalks became absolute, like that of commissioners of highways; by virtue of this enlarged jurisdiction they were invested with general powers and corresponding duties, and the responsibility for their proper performance devolved upon the municipal corporation as such.

Accordingly held, that the village was liable for injuries caused by neglect on the part of the trustees to keep a sidewalk in repair.

The neglect complained of was in not repairing a defective and unsafe grating in a sidewalk, through which plaintiff fell and was injured. It appeared that notice of the dangerous condition of the grating had been given some time prior to the accident to one C., who, it was admitted, was "the street commissioner of the village," being employed, as the evidence showed, to superintend and examine the streets and sidewalks. Held, that notice to him was sufficient notice to the corporation.

(Argued December 21, 1891; decided January 20, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 23, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edwin Hicks* for appellant. The limitations and restrictions of the Laws of 1847 have not been changed by section 1 of chapter 352 of the Laws of 1854, entitled "An act in relation to the village of Canandaigua, and enlarging the powers and duties of the trustees of said village." (Laws of 1847, chap. 426; Laws of 1851, chap. 320, § 1; *Haskell* v. *Village of Penn Yan*, 5 Lans. 352; *Weed* v. *Ballston Spa*, 76 N. Y. 329; *Mayor, etc.*, v. *Cunliff*, 2 id. 165; *Harrington* v. *Corning*, 51 Barb. 396; S. & R. on Neg. 123, 124, 345; *Cole* v. *Trustees of Medina*, 27 Barb. 218; *Peck* v. *Village of Batavia*,

32 id. 634 ; *Hunt* v. *City of Brooklyn*, 36 id. 226.) It appears in this case that the corporation was not instrumental in placing the grate in the walk, nor did it give the owner any permission to place it there. It was done by the owner for his own convenience and for the convenience of his tenants. (*Dixon* v. *B. C. & N. R. R. Co.*, 100 N. Y. 171.) The trustees had no notice, either actual or constructive, of any defect in the sidewalk, and without such notice no liability attaches. (*Griffin* v. *Mayor, etc.*, 9 N. Y. 456 ; *Smith* v. *Mayor, etc.*, 66 id. 295 ; *Cain* v. *City of Syracuse*, 95 id. 83 ; *Hart* v. *City of Brooklyn*, 36 Barb. 226 ; *Peach* v. *City of Utica*, 10 Hun, 477 ; *McDermott* v. *City of Kingston*, 19 id. 198 ; *Bush* v. *Village of Geneva*, 3 T. & C. 409 ; *Hume* v. *City of New York*, 47 N. Y. 639 ; *Hunt* v. *City of Brooklyn*, 35 Barb. 226.) The trustees are the only officers who represent the village of Canandaigua as to its streets and sidewalks, and no notice of a defect or obstruction in a street of the village, except to the trustees, would be notice to the defendant. (Laws of 1815, chap. 254, § 2 ; Laws of 1847, chap. 426, §§ 25, 77.) The existence of a defect in a public street, in consequence of which a traveler sustains injury, does not, of itself, establish a breach of duty on the part of the village. (*Hunt* v. *Mayor, etc.*, 109 N. Y. 134, 140, 141 ; *Jenney* v. *City of Brooklyn*, 120 id. 164 ; *Ring* v. *City of Cohoes*, 77 id. 83 ; *Hart* v. *City of Brooklyn*, 36 Barb. 226 ; *Requa* v. *City of Rochester*, 45 N. Y. 129, 135.) The notice must be an express notice or the defect must be so apparent and notorious and have existed for so long a time, that the proper officers of the village might, by its appearance, have observed the defect in time to have had it remedied. (*Todd* v. *City of Troy*, 61 N. Y. 506, 509 ; *Smith* v. *Mayor, etc.*, 66 id. 295 ; *Requa* v. *City of Rochester*, 45 id. 129–139.) The defendant had no notice of the defect complained of prior to the accident. (*Requa* v. *City of Rochester*, 45 N. Y. 129, 134 ; *Todd* v. *City of Troy*, 61 id. 506 ; *Smith* v. *Mayor, etc.*, 66 id. 295 ; *Hunt* v. *Mayor, etc.*, 109 id. 134, 141 ; *Griffin* v. *Mayor, etc.*, 9 id. 456 ; *Dwight* v. *G. L. Ins. Co.*, 103 id. 341.) If the defendant could be charged with

constructive notice of the defect and negligence consequent thereon, then the plaintiff is guilty of contributory negligence, and is not entitled to recover for the alleged injury. (*Minick* v. *City of Troy*, 83 N. Y. 514; *Griffin* v. *Mayor*, etc., 9 id. 456; *Dubois* v. *City of Kingston*, 102 id. 219; *Bond* v. *Smith*, 113 id. 378, 384, 385; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 id. 500.)

*Frank Rice* for respondent. In determining whether the defendant might be charged with notice from lapse of time and other facts, actual information of the condition of the walk given to the street commissioner was a circumstance which the jury had the right to consider, and for this purpose the evidence was properly received. (*Winne* v. *U. C. S. Inst.*, 37 Hun, 349–351; *Peach* v. *City of Utica*, 10 id. 477; *McDermott* v. *City of Kingston*, 19 id. 198.) Evidence which appears, showing plaintiff's condition in life, whether married or single, was properly received. (*Perry* v. *Lansing*, 17 Hun, 34.) The evidence of physical condition was incompetent for any purpose, except to show contributory negligence. It was not offered for this purpose. (*Tice* v. *Munn*, 94 N. Y. 621; 2 S. & R. on Neg. [4th ed.] § 742; *Peach* v. *City of Utica*, 10 Hun, 477–480; *Davenport* v. *Ruckman*, 37 N. Y. 568–573; *Stewart* v. *Ripon*, 38 Wisc. 584.) It was competent for Dr. McClellan, the attending physician, to state, from his observation, whether the plaintiff was suffering pain during the time he treated him for the injury. (*Hagenlocher* v. *C. S. & B. R. R. Co.*, 99 N. Y. 136; *Caldwell* v. *Murphy*, 11 id. 416; *Werely* v. *Persons*, 28 id. 344; *Matteson* v. *N. Y. C. R. R. Co.*, 35 id. 487; *Nichols* v. *B. C. R. R. Co.*, 30 Hun, 437; 100 N. Y. 635.) The motion for a nonsuit was properly denied. (*Conrad* v. *Village of Ithaca*, 16 N. Y. 158; *Storrs* v. *City of Utica*, 17 id. 104; *Hines* v. *City of Lockport*, 50 id. 236; *Saulsbury* v. *Village of Ithaca*, 94 id. 27; *Kunz* v. *City of Troy*, 104 id. 344; *Nelson* v. *Village of Canisteo*, 100 id. 89; *Todd* v. *City of Troy*, 61 id.

506; *Peach* v. *City of Utica*, 10 Hun, 477, 479; Laws of 1854, chap. 352, § 1; Laws of 1864, chap. 257, § 1; *Clifford* v. *Dam*, 81 N. Y. 52; Laws of 1866, chap. 597, § 4; Laws of 1853, chap. 602, § 1.) The charge to the jury by the court was correct. (*Childs* v. *West Troy*, 23 Hun, 68; *Deyoe* v. *Saratoga*, 3 T. & C. 504; *Rehberg* v. *City of New York*, 91 N. Y. 137; *Twogood* v. *City of New York*, 102 id. 216; *Higgins* v. *Village of Salamanca*, 6 N. Y. S. R. 119; 1 Dillon on Mun. Corp. §§ 146, 207, 242, 305; Laws of 1884, chap. 308; Laws of 1874, chap. 628; 1 S. & R. on Neg. [4th ed.] § 293.)

GRAY, J. The plaintiff sued the defendants for the alleged neglect to keep a sidewalk in repair; in consequence whereof he sustained personal injuries, by a fall through a defective and unsafe grating. The defendants have appealed from the affirmance by the General Term of a judgment entered by the plaintiff, upon a verdict by a jury in his favor.

Of the points urged by their counsel I deem it unnecessary to refer to but two, and that reference may be brief, in view of the satisfactory opinion of Judge DWIGHT at General Term.

The appellants claim that the plaintiff should have been nonsuited; because by the village charter the trustees were under no obligation to construct or repair sidewalks. In his very elaborate brief the counsel for the appellants bases his argument, in that respect, upon a construction of the act, passed in 1815 (Chap. 254), under which the village of Canandaigua was incorporated; of the subsequent act of 1847 (Chap. 420), constituting the village a separate road district, and of those provisions or sections of the General Village Incorporation Act of 1847 (Chap. 426), which were adopted by the village electors in 1848. In my judgment we are not called upon, and it seems unnecessary, to follow him in that argument, or to pass upon his interpretation of these laws. Whatever may have been the limitations upon the administrative powers and duties of the village trustees, with respect to the making and repairing of streets or sidewalks, the subsequent enact-

ment of chapter 352 of the Laws of 1854 must be considered and taken to have so far enlarged these powers and duties, as to have done away with the restrictions in the way of their exercise, which may previously have existed with respect to authority, either to undertake such work, or to bind the village. The title of the act of 1854 is "An act in relation to the village of Canandaigua and enlarging the powers and duties of the trustees of said village." Section 1 of the act provides that "the trustees of the village of Canandaigua shall be commissioners of highways in and for said village, and shall have all the powers of commissioners of highways, and as such they shall have power to regulate, repair　*　*　*　the streets　*　*　*　sidewalks　*　*　*　in said village, and to prevent the incumbering of the same in any manner and to protect the same from encroachment and injury." If this legislation meant anything, it could but mean a new grant of powers by the state; whereunder an ampler scope was given, in the respects mentioned, to the jurisdiction of the municipal authorities of the village. If, under the act of 1847, the village trustees were dependent for their authority to repair the streets and sidewalks upon the action of the village electors, it might well be said that no obligation rested upon them to keep them in repair, in the absence of such action as would confer authority and supply the moneys. But, upon the passage of the act of 1854, what was formerly a qualified, or limited, jurisdiction in the trustees with respect to the streets and sidewalks, became absolute, as that of commissioners of highways.

By virtue of the enlarged jurisdiction the village trustees were invested with general powers and with corresponding duties, and the responsibility for their proper performance devolved upon the municipal corporation as such. (*Conrad* v. *Trustees of the Village of Ithaca*, 16 N. Y. 158; *Saulsbury* v. *Village of Ithaca*, 94 N. Y. 27.)

For the negligence of the trustees the corporation became liable at the suit of an injured party. The principle underlying the liability so devolving rests in an implied obligation to be responsible for the faithful performance of the duties

imposed, in consideration of the investiture of the trustees by the legislature with the grant of the wider power. This obligation, obviously, inures to the benefit of every party interested in its fulfillment. The action, therefore, was maintainable, if there was notice of the existence of the defect. There was evidence that one Homer Chase was employed by the trustees to superintend and examine the streets and sidewalks, and the admission was formally made of record that Chase was "the street commissioner of the village of Canandaigua at the time of the accident to the plaintiff, and had been since January 1, 1888." There was evidence, further, to show that notice of the dangerous condition of the grating had been given to Chase some time prior to the accident. Whether he was *de facto* or *de jure* street commissioner becomes immaterial, under the facts of the case, and if the jury found that there was notice to him, it was sufficient notice to the corporation of the existence of the defect complained of.

The other questions raised by the appellant's exceptions in the case have been considered, but none are of sufficient importance to call for discussion here.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.