THE TRUSTEES OF THE VILLAGE OF CANANDAIGUA, Respondent, *v.* WILLIAM L. FOSTER, Appellant.

MUNICIPAL CORPORATIONS — LIABILITY OF ABUTTING OWNER FOR CONDITION OF GRATE IN SIDEWALK IN FRONT OF PARTLY LEASED BUILDING. Towards the general public represented by the municipality, an implied duty rests upon the owner to use reasonable care in inspecting and repairing a grate, constructed by him with the consent of the municipal authorities, in a sidewalk in front of his premises, when a part only of the structure on the abutting land is leased to and occupied by a tenant, but that part includes by implication the exclusive right to use the grate as a beneficial appurtenance.

*Trustees of Canandaigua* v. *Foster*, 81 Hun, 147, affirmed.

(Argued April 25, 1898; decided June 7, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered October 25, 1894, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William F. Cogswell, John Gillette* and *C. A. Richardson* for appellant. The court erred in instructing the jury that, notwithstanding the repair made in 1888 was properly and effectively made, the duty of keeping the grating in repair after that time rested upon the defendant. (*Clancy* v. *Byrne,* 56 N. Y. 129; *Wolf* v. *Kilpatrick,* 101 N. Y. 146; *Martin* v. *Pettit,* 117 N. Y. 118; *Edwards* v. *N. Y. & H. R. R. Co.,* 98 N. Y. 245.) The court erred in charging the jury that the defendant owed the duty to keep in repair the area. (*Moore* v. *Gadsden,* 93 N. Y. 12; *Wenzlick* v. *McCotter,* 87 N. Y. 122; *Babbage* v. *Powers,* 130 N. Y. 281; *City of Rochester* v. *Campbell,* 123 N. Y. 405; *Vil. of Fulton* v. *Tucker,* 3 Hun, 529; *City of Hartford* v. *Talcott,* 48 Conn. 525.)

*Frank Rice* and *John Colmey* for respondent. If a municipal corporation has been compelled to pay a judgment for damages recovered by a traveler for injuries sustained from a defect or obstruction in one of its highways which was created by the act or negligence of a third person, it may maintain an action against such third person for reimbursement. (*City of Rochester* v. *Campbell,* 123 N. Y. 405, 411; *City of Rochester* v. *Montgomery,* 72 N. Y. 65; *Vil. of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550; *Vil. of Seneca Falls* v. *Zalinski,* 8 Hun, 571; *City of Chicago* v. *Robbins,* 2 Black [U. S.], 418; *Mayor, etc.,* v. *T. & L. R. R. Co.,* 49 N. Y. 657; *City of Brooklyn* v. *B. C. R. R. Co.,* 47 N. Y. 475; *Inhabs. of Stoughton* v. *Porter,* 95 Mass. 191; *City of Boston* v. *Worthington,* 76 Mass. 496; *City of Lowell* v. *Short,* 58 Mass. 275; *Inhabs. of Woburn* v. *Henshaw,* 101 Mass. 193; *Mayor, etc.,* v. *Brady,* 151 N. Y. 611.) The evidence in this case establishes negligence on the part of defendant. (*Jennings* v. *Van Schaick,* 108 N. Y. 530; *Irvine* v. *Wood,* 51 N. Y. 224; *McGuire* v. *Spence,* 91 N. Y. 303; *Congreve* v. *Smith,* 18 N. Y. 79; *Clifford* v. *Dam,* 81 N. Y. 52; *Pomfrey* v. *Vil. of Saratoga Springs,* 104 N. Y. 459, 465; *Todd* v. *City of Troy,* 61 N. Y. 506, 509; *Weed* v. *Vil. of Ballston Spa,* 76 N. Y. 329, 332, 336.) The rule, that where a

landlord rents premises, in all respects in safe and proper repair, and the tenant takes the entire care and occupation, the landlord reserving no control, and the tenant in his use of the property carelessly permits the premises to get out of repair, whereby some one is injured, the tenant, and not the landlord, is liable, does not apply to this case. (*Jennings* v. *Van Schaick*, 108 N. Y. 530; *Swords* v. *Edgar*, 59 N. Y. 28, 33, 34; *Calder* v. *Smalley*, 55 Am. Rep. 272; *Inhabs. of Milford* v. *Holbrook*, 9 Allen, 17.) No request to submit to the jury the question of plaintiff's control of possession of the walk was made, as should have been done if the evidence fairly presented such a question of fact. (*O'Neill* v. *James*, 43 N. Y. 84, 93; *Vil. of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550, 560; *Ormes* v. *Dauchy*, 82 N. Y. 443, 448.) The appellant argues that, having authority or license to excavate under the street and to cover the opening with a grate, he is bound in the first instance to construct it safely; that having done so his duty ceases, and he is under no obligation to keep the grate in repair or to see that the opening does not endanger the safety of passengers. This is untenable. (*Heacock* v. *Sherman*, 14 Wend. 59; *Whalen* v. *Gloucester*, 4 Hun, 24; *Matthews* v. *De Groff*, 13 App. Div. 356; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 30 Hun, 291; *Sexton* v. *Zett*, 44 N. Y. 430, 432; *Wolf* v. *Kilpatrick*, 101 N. Y. 146, 152; *Ahern* v. *Steele*, 115 N. Y. 203, 214; *Clancy* v. *Byrne*, 56 N. Y. 129; *Babbage* v. *Powers*, 130 N. Y. 281, 286; *Jennings* v. *Van Schaick*, 108 N. Y. 530; *Congreve* v. *Morgan*, 18 N. Y. 84; *City of Rochester* v. *Campbell*, 123 N. Y. 405, 411; *Vil. of Seneca Falls* v. *Zalinski*, 8 Hun, 571; *Woodring* v. *Forks Township*, 28 Penn. 355; 70 Am. Dec. 134; *Bears* v. *Ambler*, 9 Penn. 193; *Wickwire* v. *City of Angola*, 4 Ind. App. 253; *Wabasha* v. *Southworth*, 54 Minn. 79; *City of Lowell* v. *Spaulding*, 58 Mass. 277; *Gridley* v. *Bloomington*, 68 Ill. 47; *Calder* v. *Smalley*, 66 Iowa, 219.)

Vann, J. By this action the plaintiffs sought to recover the damages which they had been compelled to pay on account

of personal injuries sustained by one McSherry, through an accident caused by a defective grate in the sidewalk in front of defendant's premises.

For many years prior to 1889 the defendant owned certain land on the northwest corner of Main and Bristol streets in the village of Canandaigua, bounded on the east and south by the outer line of said streets, and extending 96 feet on Bristol and 40 feet on Main. A brick block consisting of several stores, three stories high, substantially covered the lot. In 1872 the grate in question, with several others, was constructed by the defendant along the north line of Bristol street to enable him and his tenants to convey coal to the cellars under said block, and they remained there without complaint on the part of the public authorities until March 4, 1889, when said McSherry stepped on one of the grates that was out of repair and was injured. This grate was in the sidewalk in front of a "store" in said block that was leased to one Parsons for a term, which had not expired when said accident happened. The lease gave the defendant no right of access to the premises for any purpose during the term, and imposed upon him no obligation to make repairs. The tenant covenanted to surrender the premises at the end of the term in as good condition as they were at the date of the lease, necessary wear and damage by the elements excepted. The description of the demised premises included the "store," with the privileges and appurtenances, but did not specifically describe or include the use of the sidewalk or the grate, which was in good order when Mr. Parsons took possession. The two stories over the store were retained by defendant or leased to other tenants who could not use the grate, as it was connected only with the premises leased to Parsons. After the commencement of said term the defendant repaired the grate once, but there was evidence tending to show that it had been out of repair for a number of weeks prior to the accident. When the plaintiffs were sued by McSherry they notified the defendant to defend and he aided in the defense, but the action resulted in a judgment against the village for $1,608.29, which,

after affirmance both by the General Term and the Court of Appeals, was paid by the plaintiffs. (35 N. Y. St. Repr. 432; 59 Hun, 616; 129 N. Y. 612.) The recovery in that case was upon the ground that the grating in the sidewalk was out of repair, and that the village authorities knew, or should have known of the fact.

Upon the trial of the action now before us, the court charged the jury that if they found the grate was not properly reconstructed when repaired in 1888, and that was the cause of the accident, the defendant was liable to the plaintiffs, but if they found " that it was not a faulty construction he is not liable as far as that question goes." No fault is found by the appellant with this part of the charge. The court further charged that " upon all this evidence it is for you to say whether or not this defendant acting with due care and reasonable diligence in the protection of the public against injury ought to have known the condition in which that grate was. If he ought to have known it, he is in the same position, legally, as if he had actually known it, and if he had actually known it, the duty rested upon him with diligence to put the walk into condition so it would be reasonably safe for public use. If you find that the defendant did not use reasonable care to ascertain whether or not the grate was in reasonably proper condition for public use you will find a verdict for the plaintiff." To this the defendant excepted. The court also charged " that Mr. Foster owed no duty to repair the sidewalk generally which can be used as a basis for any recovery here, but he did owe the duty to keep in repair the particular place we are talking about." To this the defendant also excepted. These exceptions present the only question argued before us.

From the length of time the grate was permitted by the representatives of the village to remain in the sidewalk without objection, the presumption arises that it was placed there with their consent. (*Babbage* v. *Powers*, 130 N. Y. 281; *Jorgensen* v. *Squires*, 144 N. Y. 280.) The defendant alleged in his answer that the grate was constructed with the consent of the plaintiffs, and, therefore, after the lapse of seventeen

years he cannot be held liable as a trespasser, but only, if at all, upon the ground of negligence. (*Irvine* v. *Wood*, 51 N. Y. 224, 228.) It was his duty, however, as long as he owned and was in full possession of the premises, to use reasonable diligence to keep the grate in repair, so that it would be as safe as any other part of the sidewalk. (*Congreve* v. *Morgan*, 18 N. Y. 84; *McGuire* v. *Spence*, 91 N. Y. 303; Shearman & Redfield on Negligence [5th ed.] § 703.) It was built for his accommodation and was a benefit to his property only, and the law placed upon him the obligation of using due care to keep it in a suitable and safe condition for the public to walk over as a part of the sidewalk. Proper construction, in the first place, was not enough to relieve him from liability, but the duty of inspection and repair continued while he owned and was in the exclusive possession of the premises. The duty ran with the land as long as the grate was maintained for the benefit of the land. As was said as early as *Heacock* v. *Sherman* (14 Wend. 58, 60), the owner "is bound to repair * * * in consideration of private advantage." The doctrine of implied duty, which is well established by the authorities, requires the person who, even with due permission, constructs a scuttle hole in the sidewalk in front of his premises, to use reasonable care for the safety of the public, as long as it remains there and is subject to his control. (*Babbage* v. *Powers*, 130 N. Y. 281; *Wolf* v. *Kilpatrick*, 101 N. Y. 146; *Jennings* v. *Van Schaick*, 108 N. Y. 530; *Village of Port Jervis* v. *First National Bank*, 96 N. Y. 550; *Davenport* v. *Ruckman*, 37 N. Y. 568; *Swords* v. *Edgar*, 59 N. Y. 28; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 30 Hun, 291; *Heacock* v. *Sherman*, 14 Wend. 58; *Village of Seneca Falls* v. *Zalinski*, 8 Hun, 571; *Whalen* v. *Gloucester*, 4 Hun, 24; *Matthews* v. *De Groff*, 13 App. Div. 356; Elliot on Roads & Streets, 541; Thomas on Negligence, 1145.)

If, however, the grate is properly constructed in the first place, and is kept in proper repair afterward, the owner is not liable for the carelessness of a tenant or third parties in using the grate, as by leaving the hole unguarded when in use,

or uncovered when not in use. (*Jennings* v. *Van Schaick, supra.*)

The precise question now presented is whether an implied duty rests upon the owner to use reasonable care in inspecting and repairing a grate in a sidewalk in front of his premises, when a part only of the structure on the abutting land is leased to and occupied by a tenant, but that part includes by implication the exclusive right to use the grate as a beneficial appurtenance.

It must be conceded that as between the defendant and his tenant there was no obligation on the part of the former to repair, because he had entered into no covenant to that effect, and the duty of a landlord to make repairs rests solely on express contract, so far as his tenant is concerned. (*Witty* v. *Matthews*, 52 N. Y. 512; *Clancy* v. *Byrne*, 56 N. Y. 129.) It must be further conceded that, if the store was in proper condition at the beginning of the term, the owner was not bound to repair it for the protection of those who, upon the express or implied invitation of the tenant, might enter it for the transaction of business or any other purpose. (*Ahern* v. *Steele*, 115 N. Y. 203.)

The question before us did not arise between the owner and his tenant, or the patrons of the tenant, but between the owner and the plaintiffs, as representatives of the general public entitled to free and safe passage over the sidewalk as a part of the highway. While the owner cannot be held liable in this action for failing to repair the entire sidewalk in front of his premises, was he properly held liable for failing to keep in repair the grate itself, which was his own structure? This depends upon the duty that he assumed when he cut a hole in the sidewalk and covered it with the grate. That duty included proper construction in the first place, and reasonable care on the part of the owner to keep the grate in repair thereafter, as long as he continued in possession. The duty sprang from the necessity of having safe sidewalks, and as the necessity is continuous, so is the duty. Upon no other ground can the construction of a grate in a sidewalk, which is

an interference with a public highway, be justified, even when permission is duly granted. Upon the transfer of the entire interest and possession to another, as the duty runs with the land, it would be cast upon the grantee. So a lease of the entire premises and possession thereof by the tenant, would doubtless throw the burden upon the latter. (Shearman & Redfield on Negligence, [5th ed.] §§ 710, 713.) The conveyance of an undivided interest, however, would not have that effect, and the demise of a part of the premises should not. The obligation goes with the land and cannot be discharged by a partial alienation of the land, at least, unless the alienation, if for a fixed term, carries with it the exclusive possession of the premises for that term. Entire possession by a tenant from foundation to roof doubtless involves the duty of keeping a grate in front of the premises in repair, which otherwise rests on the owner of the fee. But whoever, even by due permission, cuts a hole in the sidewalk for the benefit of his adjoining property must use reasonable care to protect the public from danger on account thereof. Reasonable care requires that he should provide a proper covering, inspect it from time to time, and repair it when necessary, as otherwise passersby, for whose benefit the sidewalk is maintained, may be injured. If he parts with the premises, or parts with the possession thereof for a period, the burden falls on his successor in title or possession. If he transfers either title or possession, in part only, he does not escape the burden. The implied duty assumed when the hole was cut and the grate placed over it requires reasonable precaution on the part of the owner to protect the public as long as he remains the owner and is in possession of any part of the building on the abutting land. He cannot cast the burden of maintenance on the public any more than he could have cast upon them the burden of original construction, for the grate is wholly for the benefit of his property. Nor can he relieve himself of the duty without parting with the entire possession of the property benefited, for the safety of the public requires that the owner, as long as he is in possession of any part of the

property, should be compelled to keep his structure in the sidewalk in suitable condition for use as a part of the sidewalk. As the duty is imposed by law for the public safety, its extent is measured by whatever public safety requires. Anything less than the alienation of the entire property, either permanently, as by deed, or temporarily, as by lease, would leave the public without adequate protection. A person injured by a defective grate should not be subject to the hazard of ascertaining the precise relation existing between the owner and one of his tenants with reference to the control of the grate, but a simple rule, resting upon ownership and possession, in whole or in part, of the adjacent structure, is required by sound public policy.

The argument that the defendant had no right of access to repair the grate, except by consent of the tenant, is without force, for the law imposing the duty was a part of the lease and impliedly excepted from its provisions such necessary access at reasonable times as would enable the owner to discharge that duty. The lease covered the grate, by implication only, the same as it embraced the rights of the owner in the entire sidewalk in front of his premises. That would not prevent him from rebuilding or repairing the sidewalk proper, when required by municipal ordinance, nor does it prevent him from rebuilding or repairing the grate when required by the common law.

We find no error in the record, and the judgment should, therefore, be affirmed.

All concur, except HAIGHT, J., not sitting, and MARTIN, J., not voting.

Judgment affirmed.