SNELL v. CORNWELL. (Supreme Court, Appellate Division, Fourth Department. May 10, 1904.) Action by George Snell against William Cornwell. No opinion. Motion for leave to appeal to the Court of Appeals denied. Motion for reargument denied, with $10 costs.

In re SNOOK et al. (Supreme Court, Appellate Division, Second Department. June 3, 1904.) In the matter of the application of John Augustus Snook and others, as executors, etc., of John B. Snook, deceased, for a peremptory writ of mandamus.

PER CURIAM. Irrespective of any other question, we think that, in order to obtain a mandamus, it should affirmatively appear that the parties whom the counsel assumes to represent are of full age, as required by section 2528 of the Code of Civil Procedure. Order affirmed, with $10 costs and disbursements.

SPINDLER v. GIBSON (two cases). (Supreme Court, Appellate Division, First Department. May 6, 1904.) Actions by Annie Spindler against Mary E. Gibson. No opinion. Motions granted, so far as to dismiss appeals, with $10 costs of one motion.

In re SPURGEON. (Supreme Court, Appellate Division, Second Department. June 7, 1904.) In the matter of the application of James Robert Spurgeon for admission to the bar. No opinion. Application granted.

In re STEEVES et al. (Supreme Court, Appellate Division, First Department. June 17, 1904.) In the matter of John F. Steeves and another. No opinion. Motion granted.

STEINBACH v. PRUDENTIAL INS. CO. (Supreme Court, Appellate Division, First Department. May 6, 1904.) Action by Caroline Steinbach against the Prudential Insurance Company.

PER CURIAM. Motion denied.

VAN BRUNT, P. J., dissents.

In re STEVENSON. (Supreme Court, Appellate Division, First Department. June 17, 1904.) In the matter of Philip Stevenson. No opinion. Motion denied.

STOKES, Respondent, v. BRADLEY, Appellant. (Supreme Court. Appellate Division, First Department. May 20, 1904.) Action by William E. D. Stokes against William Bradley. N. Ottinger, for appellant. W. B. Wait, for respondent. No opinion. Order modified, by striking out the provisions designated "first" and "second" in the order, and, as modified, affirmed, without costs to either party.

In re STOUT et al. (Supreme Court, Appellate Division, Third Department. May 11, 1904.) In the matter of the application of Edward L. Stout and another in an action entitled "Edward L. Stout et al. v. J. Henry Weber."

PER CURIAM. Order affirmed, without costs.

SMITH, J., not voting.

STRONE, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. May 5, 1904.) Action by John P. Strone against the Interurban Street Railway Company. From a judgment for plaintiff, and from an order denying motion for a new trial, defendant appeals. Affirmed. Bayard H. Ames and F. Angelo Gaynor, for appellant. Louis Steckler, for respondent.

PER CURIAM. Upon the evidence given by both parties the case was one for the jury, and in its submission no reversible error was committed by the court in its charge; the defendant having made no request for further instructions, or that additional questions should be specifically submitted. Nor are the damages excessive. Upon the record as it stands, the judgment and order should be affirmed, with costs.

SULLIVAN, Respondent, v. BIERSACH et al., Appellants. (Supreme Court, Appellate Division, First Department. May 20, 1904.) Action by Nellie Sullivan against Christian Biersach and another. W. H. Lyons, for appellants. G. H. McAdam, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SUTTON v. HOLLENDER. (Supreme Court, Appellate Term. April, 1904.) Action by one Sutton against one Hollender. No opinion. Judgment affirmed, with costs. See Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575.

SUTTON, Respondent, v. HOLLENDER, Appellant. (Supreme Court, Appellate Term. April, 1904.) Action by Louisa Sutton against Frederick Hollender. From a judgment for plaintiff, defendant appeals. Affirmed. John E. Brodsky, for appellant. Milton Mayer, for respondent.

PER CURIAM. The question whether the defendant transferred the possession of the premises to a tenant in part only, and reserved a sufficient part to make him liable for the condition of the coal hole in question, was submitted to the jury as a question of fact under a charge quite favorable to the defendant, and determined by them in favor of the plaintiff. The finding in this respect is sustained, even by the testimony of one of defendant's own witnesses, and it should not be disturbed. This being so, the case at bar is controlled by the reasoning of Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575, and the recent decision by this court of Sutton (plaintiff's husband) v. Hollender, ubi supra. The record discloses no reversible error. The judgment and order must be affirmed, with costs.

SWEET v. SCHLIEMANN. (Supreme Court, Appellate Division, Second Department. June 3, 1904.) Action by Josephine M. Sweet, as trustee, etc., of Francis Fely, deceased, against J. Schliemann.

PER CURIAM. The submission in this case is defective. See Marshall v. Hayward, 67