## ALLEN v. LINQUIST.*

---

### PUBLIC PARKING; NEGLIGENCE.

The right to use the parking in front of a dwelling house, and a fence surrounding the parking, passes to a purchaser of the house as an appurtenance to the land purchased by him, and he may be liable to a pedestrian injured by a gate in the fence being allowed to negligently swing outward over the sidewalk.

No. 2771. Submitted April 26, 1915. Decided May 10, 1915.

HEARING on an appeal by one of two defendants from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for alleged personal injuries. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was brought in the supreme court of the District

---

*Highways—Injury to Pedestrian—Liability of Abutting Owner.—For cases passing on the liability of an abutting owner for injuries caused by excavations under the street, see notes in 14 L.R.A. 398, and 11 L.R.A. (N.S.) 993; as to liability of an abutting owner for injury to pedestrian by refuse on sidewalk, see note in 29 L.R.A.(N.S.) 707.

of Columbia to recover damages for personal injuries sustained by appellee, Susan Linquist, plaintiff below. She was injured by coming in contact with a gate swinging outwardly over the sidewalk from a fence inclosing the parking in front of appellant's premises. Appellant, William H. H. Allen, and the District of Columbia, were sued as joint tort feasors,—appellant for negligently maintaining the gate in a position dangerous to the public, and the District for negligently permitting it to be so maintained. From a joint judgment, appellant Allen has appealed.

His contention is that the fence, of which the gate was a part, was erected upon the public parking which lies between the front line of his lot and the sidewalk; that it was there when he purchased the property; that he never repaired it, nor exercised any dominion over it, and that he did not own it, nor was it a part of his premises. The District admits its liability; hence, the sole question presented is whether or not Allen is liable.

*Mr. Walter C. Clephane* and *Mr. Alan O. Clephane,* for the appellant:

Appellant cannot be held liable for any injury caused by the condition of a gate in a fence that was not erected by him, was never owned by him, did not stand on property owned by him, and over which gate and fence he had never assumed to exercise any ownership or control, and the dangerous condition of which, if any, he had never seen, nor had it ever been called to his attention. *Allman* v. *District of Columbia,* 3 App. D. C. 8; *Boon* v. *Orr,* 4 Greene (Ia.) 304; *Brown* v. *Wysong,* 37 N. Y. S. 281; *Burlerson* v. *Teeple,* 2 Greene (Ia.) 542; *Coster* v. *Peters,* 28 N. Y. Super. Ct. 192; *Coughlin* v. *District of Columbia,* 25 App. D. C. 251; *Domer* v. *District of Columbia,* 21 App. D. C. 284; *Dotey* v. *District of Columbia,* 25 App. D. C. 232; *Emrich* v. *Ireland,* 55 Miss. 390; *Gensler* v. *Kemble,* 227 Pa. 508; *Gottlieb* v. *New York,* 149 N. Y. S. 589; *Jones* v. *Johnston,* 18 How. 150; *Kimball* v. *Adams,*

52 Wis. 554; *Seymour* v. *Watson,* 5 Blackf. 555; *Smith* v. *Carroll,* 4 Greene (Ia.) 146; *Staples* v. *Dickson,* 88 Me. 362; *Thayer* v. *Wright,* 4 Denio, 180; *Rochester* v. *Campbell,* 123 N. Y. 405; *Walker* v. *Marye,* 94 Md. 762; *Wentz* v. *Fincher,* 34 N. C. 297; *Wheeler* v. *State,* 109 Ala. 56.

*Mr. R. B. Behrend* for the appellee.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Roger J. Whiteford,* Assistant, appeared and filed a brief for the District of Columbia:

1. The fence and gate in question belong to the appellant. *Sheets* v. *Seldon,* 2 Wall. 187; *Hunstock* v. *Limberger,* 115 S. W. 321; *Kenney* v. *Apgar,* 93 N. Y. 549; *Frey* v. *Drahos,* 6 Neb. 1; *Irvine* v. *Wood,* 51 N. Y. 224; *Canandaigua,* v. *Foster,* 156 N. Y. 356; *Haycock* v. *Sherman,* 14 Wend. 58.

2. The gate in question, by swinging and remaining open over the sidewalk, constituted a nuisance. *Holroyd* v. *Sheridan,* 53 App. Div. 14; *McGrath* v. *Walker,* 64 Hun, 182; *Congress* v. *Smith,* 18 N. Y. 82; *Tinker* v. *New York, O. & W. R. Co.* 157 N. Y. 318; *Knight* v. *Foster,* 163 N. C. 329; 1 Taylor, Land. & T. § 175; *Dalay* v. *Savage,* 145 Mass. 38; *Gridley* v. *Bloomington,* 68 Ill. 47.

3. Appellant is liable, although the premises were in possession of his tenant, because the dangerous condition of this gate existed when he rented said premises. *Dalay* v. *Savage,* 145 Mass. 38; *Moody* v. *Mayor,* 43 Barb. 282; *Mfg. Co.* v. *Lindsay,* 10 Ill. App. 583; *Owings* v. *Jones,* 9 Md. 108; *Matthews* v. *De Groff,* 13 App. Div. 356; *Hill* v. *Hayes,* 199 Mass. 415.

4. Appellant was liable, even though the gate constituting the nuisance was erected by his predecessor in title. *Irvine* v. *Wood,* 51 N. Y. 224; *Gridley* v. *Bloomington,* 68 Ill. 47; *Doly* v. *District of Columbia,* 25 App. D. C. 235.

5. Parking is a private easement of the adjoining owner. *Allman* v. *District of Columbia,* 3 App. D. C. p. 18.

Mr. Justice Van Orsdel delivered the opinion of the Court:

Counsel for appellant contend that the building of the fence by Allen's predecessor on the parking which belongs to the United States converted it into a part of the real estate which could not pass to him by the conveyance of the adjoining lot. While it is true that "a thing corporeal cannot be appurtenant to a thing corporeal," the incorporeal right to use land may be appurtenant to land. In other words, the right of Allen to use the parking was an appurtenance passing to him with the fee in the lot. Being such, so long as he permitted the fence to stand and inclose the parking, presumably for his private convenience, he was responsible for its condition. The right of private use of the parking by the abutting lot owner in this District is a right granted by the public, and it can be taken away at will. The fence was built for the protection and accommodation of the abutting property. When Allen purchased the property, the fence and the right to use the inclosed parking passed as appurtenant thereto. He was not required to keep the fence there; but, so long as he permitted it to remain, he was responsible for its condition and proper repair.

The rule here is not different from that applied where property owners construct for their own use openings under and through the sidewalk in front of their premises. In such cases, the property owner is held liable if the sidewalk, by reason of such use, becomes a nuisance, or in such repair as to cause injury to a person using the walk. In *Canandaigua* v. *Foster,* 156 N. Y. 354, 41 L.R.A. 554, 66 Am. St. Rep. 575, 50 N. E. 971, 4 Am. Neg. Rep. 441, which was a damage suit for injuries sustained from a defective grate covering a coal hole in the sidewalk in front of defendant's premises, the court said: "It was his duty, however, as long as he owned and was in full possession of the premises, to use reasonable diligence to keep the grate in repair, so that it would be as safe as any other part of the sidewalk. *Congreve* v. *Morgan,* 18 N. Y. 84, 72 Am. Dec. 495; *McGuire* v. *Spence,* 91 N. Y. 303, 43 Am.

Rep. 668; Shearm. & Redf. Neg. 5th ed. § 703. It was built for his accommodation, and was a benefit to his property only, and the law placed upon him the obligation of using due care to keep it in a suitable and safe condition for the public to walk over as a part of the sidewalk. Proper construction in the first place was not enough to relieve him from liability, but the duty of inspection and repair continued while he owned and was in the exclusive possession of the premises. The duty ran with the land as long as the grate was maintained for the benefit of the land."

The joint liability of Allen and the District of Columbia is clear. The judgment appealed from is therefore affirmed with costs.                                                    *Affirmed.*