SANFORD ALLEN, Appellant, *v.* HANS WEISS et al., Respondents.

Third Department, November 14, 1951.

*James Conboy* for appellant.

*Malcolm G. Bibby* and *John J. Scully* for respondents.

BERGAN, J.   Seventeen years before the defendants acquired the Mohawk Street property in Cohoes described in the complaint their predecessors in title had constructed a concrete sidewalk on the public way in front of it.

The complaint alleges, and by a failure to deny the answer admits, that defendants '' or '' their predecessors in title constructed the sidewalk in 1924.   In the view which we will take of the case it will become important to know whether the sidewalk was actually constructed by the defendants or whether their predecessors in title constructed it, but the record makes it perfectly clear that when defendants acquired the property in 1941 the sidewalk had long been built and that they personally had nothing to do with its construction.

The blanket admission in the answer of the source of construction, pleaded by plaintiff in the alternative must, therefore, be read in the light of the undisputed fact in the record that the defendants' predecessors in title built the walk and that defendants took the property conveyed as they found it.

In front of the house and adjacent to the curb was an elm tree which in 1950 was estimated by a witness to be from forty-five to fifty years old.   This estimate would indicate that the tree was growing at this location from twenty to twenty-five years before the sidewalk was constructed.   An exhibit before us indicates other trees of this general type on both sides of the street.

The growing roots of the tree raised one of the concrete slabs of the sidewalk above the adjoining slab and the jury has found by its verdict that plaintiff was injured when, on walking on the sidewalk, he tripped and fell over the raised slab.   There is testimony which the jury credited that the sidewalk was improperly constructed for the reason that not enough room was left around the growing tree to allow for root expansion and that it was improperly maintained because the roots as they grew were not cut.

The court at Trial Term set the verdict aside and dismissed the complaint on the ground that under the circumstances disclosed by this record no liability is attributable to the present owners of the adjacent land.   We think this view of the case is the right one.

There seems to be no reported analogous case in New York, and a solution of the problem must be drawn from general principles of law. The primary obligation to lay the sidewalk along the public way and to maintain it was upon the city. This work may be done, and indeed, often is done by the adjacent property owner. If it is carelessly done there is a personal obligation on the party doing the work.

Liability would attach to results which a reasonable man might foresee, as the growing of roots if the walk were too closely constructed to a growing tree. There would accrue an obligation to correct a danger which a party himself created, even though public authority, or someone else, might also have a responsibility to remove an apparent danger. But, aside from public responsibility, this would be a personal obligation resting on the author of the dangerous condition.

His successor in title would not succeed to the liability too, unless the danger were created for a special benefit to the land. The act of the predecessor in creating a dangerous condition on the street must have a special relationship to the use of the land and be thus apparent to his successor if the purchaser is to acquire a liability as well as a title. This is partly, of course, based on the necessity of notice to bring home a liability.

There is no real problem, and the cases have all readily been disposed of by the courts, where the common situation arises in which the owner has improperly constructed a grating in, or an awning or gutter over, a public walk. There the successor in title, and everyone else, would know what would be perfectly plain to see, that the special construction utilizing the public street is for the benefit of the adjacent land, and in all such cases where there has been a defect, liability has been held to follow to the new owner who took the land under these conditions.

But these defendants looked at a public sidewalk which was contiguous to a walk which extended all along the street. No notice to them that their predecessors had laid that walk is shown. Even if they had known who laid it, they could safely assume, and if they had had the enterprise to read the New York law reports on the subject they would have been re-enforced in their safe assumption, that the duty to correct a dangerous condition on the sidewalk was on public authority and not on them. The existence of a sidewalk itself has never been regarded as a special occupation of the land by the adjacent owner. The whole weight of authority is quite the other way.

The elm tree was not shown to be specially beneficial to the land in the sense that it constituted a special occupation. Trees

have commonly been regarded as equally of benefit to the public and the adjacent owners. An elm tree at the curb is not in quite the same situation in providing a special utilization of the public way as a grating or awning or a gutter pipe.

Moreover, the tree was there for years before the walk was built and there is no proof that the predecessors who had built the walk could have removed the tree or made any change in it, or that they had any choice but to build the walk around the tree; nor, indeed, is it clear from the record that any predecessor in title had planted the tree or had anything to do with its installation. The presumption arising from its location in the public street is that it was there by public authority. Besides all this, it was the construction of the walk and not the mere existence of the tree that is claimed to have been negligent.

Hence the fundamental question is whether the defendants acquiring the land acquired also their predecessors' negligence in the construction of the public walk seventeen years earlier. A sifting of some of the New York cases may help to give perspective to the problem.

It is " in consideration of private advantage " accruing to the owner of land that the law imposes on him the duty of repairing and correcting a dangerous condition in the public way. (*Heacock* v. *Sherman*, 14 Wend. 58, 60.) There a bridge was built by a corporation over a place where the corporation's canal crossed a public highway. The bridge was thus there for a special private advantage and the corporation, although not the stockholders individually, was held to have the duty of repair. The dictum of NELSON, J., which throws oblique light on the case before us, was that if a private person is good enough to construct at his own cost a beneficial public work, the duty of repairing becomes a public duty (p. 61).

The case was regarded by the Court of Appeals in 1898 as having laid down an important principle, when in *Trustees of Canandaigua* v. *Foster* (156 N. Y. 354, 359), the problem of the obligation of an owner to keep safe a grating constructed in a sidewalk was before the court. Such an obligation, said VANN, J. (p. 361), " goes with the land ".

A further illustration of the principle of a continuing liability going with the land is *McGrath* v. *Walker* (64 Hun 179). The General Term there dealt with a runway which had been excavated in the sidewalk by the owner's predecessor in title to aid in the utilization of the premises for a livery stable. A duty to abate the danger, i.e., " the nuisance ", was held to descend with the title.

Unless there is some benefit, however, the liability for creating a dangerous condition would usually be treated as a personal one. While the language of an opinion is not always a safe way to sense what the law is, it is of significance in this field that there has been a rather frequent repetition of the statement that the abutting owner is not responsible for defects in a sidewalk " ' * * * not caused by himself ' ". (Compare *City of Rochester* v. *Campbell,* 123 N. Y. 405, 417, with *Mullins* v. *Siegel-Cooper Co.,* 183 N. Y. 129, 136.) The latter case dealt with a disturbance of a sidewalk by the passing of heavy wagons over it.

The general principle was stated by Presiding Justice FOSTER in *Gordon* v. *City of Albany* (278 App. Div. 233, 235) that the abutting owner is not liable for a condition of the sidewalk unless there is some feature " not connected with the public use " which " confers a special benefit on his property ". In *Clifford* v. *Dam* (81 N. Y. 52, 56) the defective structure on the street was called " appurtenant " to defendants' land. In *Condon* v. *Arata* (302 N. Y. 579) it could have been found as a fact, and so it was argued in the Court of Appeals, that the fence upon which plaintiff was hurt, which extended to a public sidewalk, was for the special benefit of the owner of the land.

The need for notice to the defendants when they took title and after of the appurtenancy to the land of the dangerous condition, which is notably absent in the case at bar, is illustrated in *Hubbard* v. *Russell* (24 Barb. 404) decided by the General Term. There the defendants had bought land containing a dam built by their predecessors in title. They were sued for overflowing plaintiff's land by reason of the dam; the court was of opinion that some notice of the overflowing was necessary to bring home a liability to the present owners for the cause of the condition, which they had bought, but which they did not create.

The kind of notice of danger required to impose a liability on a purchaser for land which, weakened by prior excavations, collapses and does damage is given thorough treatment in *Beauchamp* v. *Excelsior Brick Co.* (143 App. Div. 48). A railroad structure affecting the flow of a stream gave a sufficient notice to a successor railroad to bring home a liability (*Brown* v. *Cayuga and Susquehanna R. R. Co.,* 12 N. Y. 486). Although the cases are not just alike, the situation presented on this appeal has some similarity to the pole placed on the Brooklyn street by defendant's predecessor in title in *English* v. *Brennan* (60 N. Y. 609).

As this pattern of the law seems to emerge from the decided cases it would be hard to sustain a case of liability against the adjacent landowners arising from the condition of this sidewalk or the growing energy of this elm tree. The order appealed from should be affirmed.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Order affirmed, with $10 costs. [See *post,* p. 811.]