A. David Benjamin, J.
This was an action in tort tried before the court and a jury. The plaintiff was injured on the sidewalk in front of the premises owned by the defendants Kuhl. The Kuhls ’ building was erected by their predecessor in title several years after the construction of the house adjoining it to the west. Following the grade of the street the entrance to the building now owned by the Kuhls was at a lower level than the building adjacent to the west. After constructing his building the Kuhls’ predecessor in title reset the sidewalk in front of his building so that where the sidewalk in front of his premises *494 connected with the sidewalk in front of the building to the west at and near the building line, due to the difference in levels of the sidewalks, a splay was created about 4 and %-feet wide from the building line and inclining about 5 to 2 and %-inches in 24 inches, or a grade of about 10 to 20 degrees. A sharp, sudden and precipitous ramp resulted. Here it was that the infant plaintiff was caused to fall sustaining the tragically serious and permanent injuries for which the jury gave her a verdict of $75,000 and to her guardian ad litem in his action for loss of services and medical expenses the sum of $7,500.
The defendant City of New York moved to set aside the verdict on all grounds set forth in section 549 of the Civil Practice Act except inadequacy and also on its third-party complaint moved for judgment against the defendants Kuhl. Decision was reserved.
At the close of the case the defendants Kuhl moved to dismiss the action brought against them by the plaintiffs and also the city’s third-party action against them and then moved to set aside the jury’s verdict. Here too the court reserved decision.
The general rule may be stated that a municipality has the primary and continuing obligation "to maintain sidewalks and that the abutting owner is not responsible for a defect in a sidewalk not caused by himself. Ordinarily the adjacent owner is not liable for the proper construction, repair, care and maintenance of the public sidewalk (Allen v. Weiss, 279 App. Div. 91, motion for leave to appeal denied 303 N. Y. 1011). The sidewalk condition complained of herein was created by the Kuhls ’ predecessor in title. In order for liability for such a condition to run with the land and for responsibility therefor to attach to the present owners of the land the condition must be one for the special use and benefit of the premises. Only then does the duty of proper repair and maintenance belong to the owner of the adjacent premises (Trustees of Canandaigua v. Foster, 156 N. Y. 354). No private advantage was created here, no special use or benefit resulted to these premises from the resetting of this sidewalk (Nickelsburg v. City of New York, 263 App. Div. 625). This work was done in order to conform with the grade of the street as established by the proper municipal authorities. This public sidewalk in common with all other public sidewalks was constructed for the use of pedestrians traveling about their daily needs.
The motion by the defendants Kuhl to dismiss the complaint against them by the McDermotts is granted as is also their motion to dismiss the third-party action of the City of New York against them.
*495 The city contends that the condition created was not dangerous, that no liability can attach to the city, since no notice, either actual or constructive, of a dangerous condition was ever given to the city by anyone, and that the condition claimed had existed for over 20 years without a reported accident. Therefore, it urges that no question of fact for a jury to pass upon exists, that the complaint must be dismissed as a matter of law and that the verdict of the jury must be set aside. In support of its position the city cites Summerville v. City of Yonkers (297 N. Y. 702); De Pledge v. City of New York (208 App. Div. 10, affd. 239 N. Y. 544); Hesse v. City of New York (185 App. Div. 707); Urquhart v. City of Ogdensburg (91 N. Y. 67) and Stratton v. City of New York (190 N. Y. 294). The case of Duffy v. Owen A. Mandeville, Inc. (3 A D 2d 756) is not a sidewalk case and is not applicable.
The court cannot accept the city’s position even though some of the cases cited by the city are hardly distinguishable. This court is bound by a later series of sidewalk cases decided by the Court of Appeals in which a more realistic rule is laid down for the guidance of trial tribunals in light of modern-day conditions and needs and in view of the vastly increased population resident in the city. In Wilson v. Jaybro Realty & Development Co. (289 N. Y. 410), where the plaintiff stepped into an opening in a concrete sidewalk, the court reversed the judgment entered on the order of the Appellate Division and stated (p. 412) : “ We think it was for a jury to say whether such a defect unreasonably imperilled the safety of the female plaintiff on the occasion in question. ’ ’
In Loughran v. City of New York (298 N. Y. 320), the court said: “A municipality’s liability depends on whether or not, having in mind the circumstances of each case, it has neglected and failed to keep its public thoroughfares — whether the sidewalk of a street or the pathway in a park — in a condition reasonably safe for pedestrians ” and held that the evidence was sufficient to warrant submission of the case to a jury. In Berkson v. Village of Richfield Springs (300 N. Y. 720) a flagstone had become weakened by a root growing under it so that its easterly edge was six inches higher than its westerly edge and partially covered by snow and ice causing the plaintiff to slip and this condition had existed for more than four years. The Court of Appeals reversed the judgment and ordered a new trial on the ground that there was evidence of a breach of duty on the part of the defendant which was proper for submission to a jury. And finally in Levine v. City of New York (309 N. Y. 88, 92), although not a sidewalk case, the Court of Appeals, writing *496 through Chief Judge Conway, said: “ Negligence is not a stereotyped thing, but, as courts have wisely said, it is a matter of time, place and circumstance ”.
In the light of the foregoing cases it is abundantly clear that each sidewalk action must now be considered on an ad hoc basis. The old four-inch rule and splay cases no longer appear to be the law. Whether or not a question of fact is presented for determination by a jury depends on the circumstances of each action and is for the trial court to determine. This court feels that in all the circumstances of this case a proper question of fact for determination by a jury was presented and that the verdict of the jury that a dangerous condition existed which was perilous to all passersby was amply supported by the evidence adduced. The injuries sustained by the infant plaintiff are so severe, disabling and permanent in character that the sums awarded by the jury in its verdict are in nowise excessive.
The motions of the defendant City of New York are denied.
The defendant city will have 30 days’ stay of execution and 60 days to make a case.