■ HELEN McDERMOTT, an Infant, by MICHAEL McDERMOTT, Her Guardian ad Litem, et al., Respondents, v. CITY OF NEW YORK, Appellant, et al., Defendants. CITY OF NEW YORK, Third-Party Plaintiff, v. DETLEF KUHL et al., Third-Party Defendants.— In an action by an infant to recover damages for personal injuries and by her father for medical expenses and loss of services, the City of New York appeals, as limited by a stipulation, from so much of a judgment as was entered on a jury verdict in favor of the infant for $75,000 and in favor of her father for $7,500 against it. The infant was injured when she fell on a sidewalk where a splay had been constructed to cover a difference in elevation between the walks in front of two contiguous properties. Judgment insofar as appealed from affirmed, with costs. The difference in grade at the point where the infant fell was given as from 2½ to 2¾ inches. Liability attaches to the municipality in such a situation (*Carbin* v. *City of New York,* 276 App. Div. 980; *Wilson* v. *Jaybro Realty & Development Co.,* 289 N. Y. 410; *Loughran* v. *City of New York,* 298 N. Y. 320). In the absence of any attempt to controvert the medical testimony given on behalf of the infant or to show any improvement in her physical condition during the 5½ years which elapsed between the date of the accident and the time of trial, the verdict may not be deemed excessive. Beldock, Murphy and Hallinan, JJ., concur; Wenzel, Acting P. J., and Ughetta, J., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: Because of the difference in levels of two adjoining buildings, there is a slight slope in the sidewalk in front of the buildings. The slope is smooth and gradual and is a suitable and proper method of reconciling the differences in level. There was no negligence in permitting such condition to exist. It is an unreasonable burden upon a municipality, in which there are several thousands of miles of sidewalks,

to require that a particular small area be maintained substantially flat and level. This case concerns a slope in the sidewalk and not a hole. Moreover, the evidence fails to establish that the condition complained of was the cause of the infant's fall. [8 Misc 2d 492.]