Frank A. G-ulotta, J.
This is a defective sidewalk case in which the abutting owner, Rubin, has moved for dismissal of the complaint as to him.
In an effort to hold in the village whose primary duty it is to maintain the sidewalk, but which must receive notice of the defect under section 341-a of the Village Law, plaintiff has alleged that the village created the defect by constructing the walk.
In answer to Rubin’s motion, she now says she has information that the walk was in fact constructed by Rubin’s predecessor in title.
However, it is only in extraordinary cases that when a person buys a title he also buys a liability and defective sidewalk cases are not an instance of the exception.
It must be some dangerous condition created as a special benefit to the land which is apparent to the new owner, such as a grating in the sidewalk, a private drain discharging water on the public street, or the like.
Allen v. Weiss (279 App. Div. 91, 95) is not helpful to plaintiff. There it was stated: “ Unless there is some benefit, however, the liability for creating a dangerous condition would usually be treated as a personal one. While the language of an opinion is not always a safe way to sense what the law is, it is of significance in this field that there has been a rather frequent repetition of the statement that the abutting owner is not responsible for defects in a sidewalk ‘“not caused by himself”’. (Cf. City of Rochester v. Campbell, 123 N. Y. 405, 417, with Mullins v. Siegel-Cooper Co., 183 N. Y. 129, 136.) The latter case dealt with a disturbance of a sidewalk by the passing of heavy wagons over it.”
Motion granted.