JANE CURRAN, Appellant, *v.* WILLIAM G. FLAMMER, Respondent.

*Negligence — fall through a grating in the sidewalk, by one coming from a store rented by the month — when the landlord is not liable.*

A landlord, who for a period of eleven years, had rented the basement of certain premises, and a store on the first floor, to the same tenant, who paid the rent therefor from month to month, is not liable to a customer of the tenant who, while leaving the store, stepped upon an iron grating, located in the street next to and in front of the store, which gave way and precipitated her into the basement, which had been sublet by the tenant to a third party, where it appears that the accident was caused by one of the bars supporting the grating having fallen into the basement, and there is no evidence that the grating was of faulty construction or that it was not in perfect condition when the landlord surrendered possession, and it does not appear that the landlord had any knowledge or notice that the grating was out of repair or that such condition had existed for such a length of time as to charge him with notice.

Assuming that a new letting commenced with the first of every month, the contention that the landlord was liable for the grating being out of repair upon the first of the month is not available, where it appears that the accident occurred on the twenty-sixth of the month, and there is no evidence as to the length of time during which the grating had been out of repair.

RUMSEY, J., dissented.

APPEAL by the plaintiff, Jane Curran, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of August, 1899, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the New York Trial Term, and also from an order entered in said clerk's office on the 23d day of June, 1899, denying the plaintiff's motion for a new trial made upon the minutes.

*Michael J. Scanlan,* for the appellant.

*Gratz Nathan,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. At the close of the testimony the complaint, upon defendant's motion, was dismissed and the plaintiff has appealed.

At the trial there was little or no dispute as to the facts. It there appeared that the defendant, on the 26th day of May, 1897, was the owner of a building located at 614 Ninth avenue, in the city of New York. On this day, and for some time prior thereto, the entire building was occupied by tenants; the first floor by one Baden, as a grocery store; the basement, which was also leased to Baden, by a third party to whom he had sublet it. On the day in question the plaintiff went to Baden's store for the purpose of making some purchases, and on leaving the same she stepped upon an iron grating, which was located next to and immediately in front of the door leading into the store, and as she did so it gave way and she fell to the basement below, sustaining the injuries of which she complained. The grating was three and one-half feet long by three feet wide, and when in place rested upon three iron bars. A few days prior to the accident Baden noticed that the grating did not rest firmly in its place, and on the day of the accident and prior to the time the plaintiff was injured, after he had rolled several barrels of produce over the grating into the store, he went to the basement for the purpose of ascertaining what the trouble was, and he then discovered that one of the iron bars had in some way been removed from its place and was lying on the bottom of the basement. He immediately started to get a plank to place over the grating; but before he had succeeded in doing so the accident happened. It appeared that the defendant had owned the premises eleven years, during which time Baden had occupied the store as his tenant, paying rent by the month, and during that time the grating had never given away, and so far as appeared, none of the bars had been displaced. It also appeared that the defendant had no knowledge or notice of any kind that the grating was loose or out of repair or that the iron bar referred to had been displaced.

Upon this state of facts we are of the opinion, there being no evidence that the defendant had covenanted to keep the store in repair, that the case was correctly disposed of by the learned trial justice. It is well settled that a landlord is not responsible for the condition of premises which has arisen since the letting of the same, unless there is contained in the lease a covenant to repair. (*Clancy* v. *Byrne*, 56 N. Y. 129; *Swords* v. *Edgar*, 59 id. 28; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 id. 247; *Wolf* v. *Kilpatrick*, 101 id.

# CURRAN v. FLAMMER.                                   295

146; *Ahern* v. *Steele*, 115 id. 203; *Babbage* v. *Powers*, 54 Hun, 635; affd., 130 N. Y. 281.)

In *Swords* v. *Edgar* (*supra*) the plaintiff's intestate was so injured by the falling of a defective pier that he died, and the action was brought to recover damages caused by his death. It appeared that the defendant — the landlord — had rented the pier to a tenant who was in possession at the time of the accident, and the defendant was held liable solely on the ground that he had leased the pier while the same was in a defective condition, but the court held that, primarily, the duty of keeping the pier in repair was upon the occupants, "and in the absence of any covenant from their lessors to keep the same in repair, that duty, as to all defects arising after their tenancy began, would altogether rest upon them, and there would be no liability upon the lessors."

In *Edwards* v. *N. Y. & H. R. R. Co.* (*supra*) it was held that "if a landlord lets premises and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured. If he demises premises, knowing that they are dangerous and unfit for the use for which they are hired, and fails no disclose their condition, he is guilty of negligence, which will, in many cases, impose responsibility upon him. If he creates a nuisance upon his premises and then demises them, he remains liable for the consequences of the nuisance as the creator thereof, and his tenant is also liable for the continuance of the same nuisance. But where the landlord has created no nuisance and is guilty of no willful wrong or fraud or culpable negligence, no case can be found imposing any liability upon him for any injury suffered by any person occupying or going upon the premises during the term of the demise; and there is no distinction stated in any authority between cases of a demise of dwelling houses and of buildings to be used for public purposes. The responsibility of the landlord is the same in all cases."

In *Wolf* v. *Kilpatrick* (*supra*) the defendants leased certain premises in the city of New York, and the tenant, under and in accordance with a permit from the city, built vaults under the sidewalk in front of the premises, with a coal hole, which was properly constructed, and in the usual and permitted manner. Through a

wrongful act of a third person, the support of the covering was broken in such a way that when the plaintiff stepped upon the covering it gave way. In an action to recover damages, it did not appear that the defendant had any knowledge or notice of the defect, and the court held that the action could not be sustained. The court also held that the defendants would not have been liable had they themselves constructed the vaults under the sidewalk lawfully and with prudence and care, and thereafter leased the same, without covenant on their part to repair; that if the coal hole in the sidewalk became a nuisance after the stone was broken, only the person who created the nuisance, or he who suffered it to continue, was responsible; that a party out of possession and control, and who had no knowledge, actual or constructive, of the defect, could not be said to have suffered it to continue; that a landlord out of possession is not responsible for an after-occurring nuisance, unless, in some manner, he is in fault for its construction or continuance.

In the case before us, the most that can be claimed by the appellant is that, inasmuch as Baden paid his rent by the month, there was, for that reason, a new letting commencing with the first of every month, and that under the authorities cited the defendant was liable if the grating were out of repair at the beginning of the month on which the plaintiff was injured; but this contention, if it be conceded to be correct, does not aid the appellant, because there is no evidence that the grating was defective or out of repair on the first of the month in which she was injured. She was injured, as before stated, on the twenty-sixth of the month. Her injury was caused by the removal, either accidentally or by design, of one of the iron bars which supported the grating. There was no evidence of faulty construction, or that the defendant knew of the removal of the iron bar, or that it had been removed for such a length of time that he ought to have known it. In *Martin* v. *Pettit* (117 N. Y. 118) the court held that in all cases where it is sought to hold the owner of real property liable for injuries occurring to a stranger, on the ground of negligence, there must be evidence in the case that the owner has been guilty of some act of omission or commission, from which a jury might reasonably infer a fault on his part. " Nothing less," says Judge Gray, " than that will satisfy the demands of the rule of law in such cases. The law

is reasonable, and does not demand of an owner of property more than the exercise of ordinary care with respect to the rights of third persons."

But it is urged that under *Trustees. of Canandaigua* v. *Foster* (156 N. Y. 354) the defendant is liable because the grating was within the line of the street. In that case, a person passing along the sidewalk in front of the defendant's property was injured by a defective grate in the sidewalk, for which injuries the village of Canandaigua was compelled to pay, and it thereafter sought to recover from the defendant the sum paid. A recovery was sustained, the court holding that it was the duty of the defendant, as long as he owned the premises, to use reasonable diligence to keep the grate in repair, so that it would be as safe as any other part of the sidewalk; that it was built for his accommodation and for the benefit of his property only, and the law placed upon him the obligation of using due care to keep it in a suitable and safe condition for the public to walk over, as a part of the sidewalk; that proper construction, in the first instance, was not enough to relieve him from liability, but the duty of inspection and repair continued while he owned and was in exclusive possession of the premises. But the court expressly stated that "if, however, the grate is properly constructed in the first place, and is kept in proper repair afterward, the owner is not liable for the carelessness of a tenant or third parties in using the grate, as by leaving the hole unguarded when in use, or uncovered when not in use. * * * It must be conceded that, as between the defendant and his tenant, there was no obligation on the part of the former to repair, because he had entered into no covenant to that effect, and the duty of a landlord to make repairs rests solely on express contract, so far as his tenant is concerned. * * * It must be further conceded that if the store was in proper condition at the beginning of the term, the owner was not bound to repair it for the protection of those who, upon the express or implied invitation of the tenant, might enter it for the transaction of business or any other purpose." This case, therefore, instead of being an authority for the appellant is an authority against her. She was not traveling upon the sidewalk at the time she was injured. She was leaving Baden's store, which she had entered upon his

implied invitation, for the purpose of trading therein. The grating was an appurtenance to the store. It was part of the leased premises, and, so far as appears, was in perfect condition when the defendant surrendered possession of it to Baden. It having become out of repair during the term of the lease, the defendant, so far as the plaintiff is concerned, was under no obligation to repair it, as he owed her no duty in that respect.

It follows that the judgment must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT and INGRAHAM, JJ., concurred; RUMSEY, J., dissented.

Judgment affirmed, with costs.