GELOF v. MORGENROTH et al.

(Supreme Court, Appellate Term. April 10, 1908.)

LANDLORD AND TENANT—DANGEROUS CONDITION OF PREMISES—INJURIES TO
THIRD PERSONS.

> A lessee of a store agreed to take care of the premises, keep them in
> repair, and deliver them up to the landlord in good condition, and to
> comply with the regulations of the city for the abatement of nuisances or
> other grievances on or connected with the premises. The landlord made
> no covenant to repair. There was an iron grating beneath a window in
> the store, for the purpose of admitting light and air into a portion of the
> cellar under the store, which was under the lessee's control. Held, that
> the area and grating were appurtenant to the store and cellar under the
> control of the lessee, and the landlord was not liable for injuries to a
> third person caused by defects in the grating.
>
> · [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Ten-
> ant, §§ 668–670.]

Appeal from City Court of New York, Trial Term.

Action by Morris Gelof against Jacob Morgenroth and another.
From a judgment for plaintiff, and from an order denying a motion
for a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and
DAYTON, JJ.

Carl Schurz Petrasch (Solomon J. Bischoff, of counsel), for appel-
lants.

I. Henry Harris, for respondent.

PER CURIAM. The plaintiff brought his action to recover dam-
ages for the loss of services of his infant daughter by reason of injuries
alleged to have been caused by the negligence of the defendants. The
plaintiff claims that while his daughter was standing in front of a show
window in a saloon occupied by one Thomas J. Brennan, the defend-
ants' lessee, her foot caught in an iron grating beneath the said window,
which grating was in a dangerous and defective condition. Brennan
had leased the store in question, agreeing to take good care of the
premises and pay for the plate glass insurance in the store front, to de-
liver up the premises to the defendants in good condition, and to com-
ply with the city regulations applicable thereto for the abatement of
nuisances or other grievances in, upon, or connected with said premises.
The landlords made no covenant to repair, while Brennan agreed to
make all repairs in said store. The area covered by the defective grat-
ing was for the purpose of admitting light and air into the portion of
the cellar under the store, which, it is conceded, was exclusively under
Brennan's control. Brennan had also erected a bootblack stand and a
news stand, and the former was placed at times over the grating in
question. It would seem that this area and grating were appurtenant
to the store and cellar, and under Brennan's control. Curran v. Flam-
mer, 49 App. Div. 293, 62 N. Y. Supp. 1061, appears to be decisive in
appellants' favor.

Judgment reversed, and new trial ordered, with costs to appellants
to abide the event.