### GELOF v. MORGENROTH et al.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. MUNICIPAL CORPORATIONS (§ 821*)—INJURIES FROM DEFECTS—SIDEWALK—LIABILITY OF ABUTTING OWNER—QUESTION FOR JURY.

In an action against an owner of premises for injuries to plaintiff caused by stepping through a grating in the sidewalk, whether defendant was negligent *held* for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

2. LANDLORD AND TENANT (§ 165*)—INJURIES FROM DEFECTS—LIABILITY OF TENANT.

A tenant is not liable for injuries to a licensee owing to a failure to repair the premises, unless he assumed the duty to repair.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641; Dec. Dig. § 165.*]

3. MUNICIPAL CORPORATIONS (§ 808*)—DEFECTS IN SIDEWALK—LIABILITY OF ABUTTING OWNER.

The owner of premises abutting on the street must use reasonable diligence to keep in repair a grating, forming a part of the sidewalk, so that it would be as safe as the other parts of the sidewalk.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684, 1687; Dec. Dig. § 808.*]

4. LANDLORD AND TENANT (§ 167*)—DANGEROUS CONDITION OF PREMISES—INJURY TO THIRD PERSONS.

The owner of premises leased a storeroom on the first floor and the cellar to a tenant, who agreed to keep them in repair, but the owner occupied and controlled the greater part of the building, with the right to enter and make repairs. One of the bars in the grating in the side-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

walk in front of the premises was broken out, and had been in that condition for about six months, when plaintiff's daughter fell through it and was injured. *Held,* that the landlord was bound to keep the grating in repair, it being used for the benefit of the whole premises, and was liable for injuries to pedestrians by reason of the defect.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–679; Dec. Dig. § 167.*]

Appeal from City Court of New York.

Action by Morris Gelof against Jacob Morgenroth and another, impleaded with others. From a judgment of the Appellate Term (58 Misc. Rep. 557, 109 N. Y. Supp. 880) reversing a judgment of the City Court for plaintiff and granting a new trial, plaintiff appealed. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

I. Henry Harris, for appellant.

Carl Schurz Petrasch, for respondents.

INGRAHAM, J. This action was brought to recover damages sustained by the plaintiff's daughter, an infant under the age of 14 years, by falling through a grating in front of certain premises on the corner of 105th street and Madison avenue in the city of New York owned by the defendants Morgenroth. The tenant of the premises testified that the bars of the grating outside of the store ran towards the curb about three feet from the house line. One of the bars of this grating was out so that there was a hole between the remaining bars of about 3½ inches, and that had continued for about two weeks prior to the accident. He was occupying the premises under a lease from the defendants Morgenroth for a term of five years commencing May 1, 1900. On June 25, 1900, the plaintiff's daughter, who was 14 years of age on the 25th of June, 1904, was walking down Madison avenue and stepped up to the window in the store, when her foot went through the hole in the grating, caused by the absence of one of the bars of the grating. There was further evidence that the grating had been in this condition for over six months before the accident. The plaintiff leased the store and part of the basement only. The rest of the building was used as a tenement house occupied by eight or ten families. Under the building there was a cellar running from the front to the rear of the building. The cellar did not extend out under the sidewalk, but the grating was connected with it to light and ventilate it. The part of this cellar under the Madison avenue front was partitioned off from the rear of the cellar. The front portion and under this grating was occupied by the tenants of the store, and rear portion of the cellar was used by the other tenants in the house. When the defendants purchased the premises, the grating was in the same place that it was at the time of the accident. No alterations or repairs had ever been made to the grating. There were two show windows to the store which extend over the grating 12½ inches, and the grating extended between 2½ and 3 feet from the building into the street. There was no railing or protection around the grating, but it was open as part of

the sidewalk.   Under the lease the landlord had the right to enter up-
on the premises or any part thereof for the purpose of making such
repairs and alterations as may be necessary for the safety and preser-
vation of the premises.   The tenant agreed to make all repairs in the
store.   The question was submitted by the court to the jury, who found
a verdict for the plaintiff for $1,500.   The Appellate Term reversed
the judgment on the ground that, as the store of the cellar to which this
grating was appurtenant was under the control of the tenant Brennan,
the defendants, the owners of the premises, were not liable in the ab-
sence of evidence that the grating was in an unsafe condition at the
time the lease was made.

The Appellate Term in rendering its decision relied upon the case of
Curran v. Flammer, 49 App. Div. 293, 62 N. Y. Supp. 1061.   In that
case it appears that the first indication of danger to the grating which
was in front of the entrance to the store was a few days prior to the
accident, when the tenant of the store noticed that the grating did not
rest firmly in its place; that on the day of the accident, and just prior
to its occurrence, he rolled several barrels of produce over the grating
into the store.   Immediately after he discovered that one of the iron
bars in the grating had fallen and was lying at the bottom of the base-
ment.   He immediately started to get a plank to place over the grating,
but before he succeeded in doing so the accident happened.   It further
appeared that the defendant, the owner of the building, had no knowl-
edge or notice of any kind that the grating was loose or out of repair,
or that the iron bar referred to had been displaced.   I do not think
that that case applies, as in this case there was evidence that the grating
had been out of repair for at least six months, and, if there was any
duty upon the defendants as owners of the building to repair this grat-
ing, it is clear that it was a question for the jury to determine whether
or not they were negligent in the performance of that duty.

It is true that as between the landlord and the tenant, or as between a
person using the demised premises upon the invitation of the tenant as
the landlord was under no obligation to repair, the obligation having
been assumed by the tenant, he only would be liable; but, as between
a person lawfully using the street, a different rule applies, which was
stated in the case of Trustees of Canandaigua v. Foster, 156 N. Y. 354,
50 N. E. 971, 41 L. R. A. 554, 60 Am. St. Rep. 575.   It was there
held:   That it was the duty of the owner of premises abutting on the
highway, as long as he owned the premises, to use reasonable diligence
to keep a grating in front of the premises and a portion of the street
in repair so that it would be as safe as any other part of the sidewalk.
That it was built for his accommodation and for the benefit of the prop-
erty holders, and the law placed upon him the obligation of using due
care to keep it in a suitable and safe condition for the public to walk
over as a part of the sidewalk.   Its proper construction in the first
instance was not enough to relieve him from liability.   That the duty
of inspection and repair continued while he owned and was in ex-
clusive possession of the premises.

The crucial distinction between this case and the Curran Case, supra,
is that there was no evidence that the grating was out of repair for
more than a very few days before the accident, and the condition which

caused the accident was caused by the tenant's use of his approach to the store immediately preceding the accident. It is clear that as the landlord had no notice of the unsafe condition of the grating, and had no opportunity to repair it, he was not negligent in the performance of the duty that was imposed upon him to keep the grating in a proper condition. In this case the structure was a part of the sidewalk and was maintained in the sidewalk for the benefit of the defendant's premises. It is true that he had leased the store and cellar to a tenant, who was under obligation to keep it in repair; but that did not relieve the owner of the building who occupied the greater part of it for his own purposes of the correlative duty of preventing the sidewalk from becoming dangerous to those using the street. It is undoubtedly true that the landlord would not be responsible for the negligence of the tenant; but, where it appears that there was a duty upon the landlord to protect the portion of his premises which extended into the street, a failure to perform that duty imposed a liability on him in favor of one who had no relation to the tenant, but who was using the street.

It is not claimed that any error was committed on the trial other than that before discussed, and the order granting a new trial should therefore be reversed, with costs, and the judgment of the City Court affirmed. All concur.