## TUCKER v. O'BRIEN et al.

### (Supreme Court, Appellate Term. June 26, 1909.)

1. NEW TRIAL (§ 66*)—VERDICT—"VERDICT CONTRARY TO LAW."

A verdict which the law does not authorize the jury to render on the evidence, because the conclusion drawn is not justified by the evidence, is a "verdict contrary to law."

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 132; Dec. Dig. § 66.*]

2. NEW TRIAL (§ 71*)—VERDICT—SUFFICIENCY OF EVIDENCE.

A verdict for defendant, rendered on conflicting evidence, and sustained by as much evidence as sustains plaintiff's claim, when rendered on instructions authorizing a verdict for plaintiff, on believing her evidence, cannot be set aside by a trial court on the ground that it is contrary to the evidence, though the conclusion reached by the jury is not one which the court would have reached.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144–145; Dec. Dig. § 71.*]

3. EVIDENCE (§ 32*)—JUDICIAL NOTICE—EXISTENCE AND CONTENTS OF MUNICIPAL ORDINANCES.

Judicial notice may not be taken of the existence or contents of unproven municipal ordinances.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. § 32.*]

4. MUNICIPAL CORPORATIONS (§ 791*)—CONDITION OF SIDEWALKS—KNOWLEDGE AND ACQUIESCENCE OF OFFICERS.

That gratings on the sidewalk in front of a building had been in existence for five years and daily used by thousands of pedestrians, and in view of officials charged with observation of the sidewalk, presumptively showed official knowledge and permission and acquiescence in the maintenance of the gratings.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1647–1651; Dec. Dig. § 791.*]

5. MUNICIPAL CORPORATIONS (§ 808*)—CARE OF SIDEWALKS.

An owner of premises abutting on a sidewalk must use reasonable diligence to keep a grating in front of the premises forming a portion of the street in repair, so that it shall be as safe as any other part of the sidewalk.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1684; Dec. Dig. § 808.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Annie Tucker against Mary C. O'Brien and others. From an order setting aside a verdict in favor of defendants and granting a new trial, defendants appeal. Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Bertrand L. Pettigrew, for appellants O'Brien.
William A. Jones, for appellant Anderson.
Harry S. Austin, for respondent.

MacLEAN, J. The plaintiff, claiming to have caught a fall and come to injury December 23, 1908, by catching her heel by the turning over of a bar in a grating next the building front of the premises at the corner of Fifty-Second street and Tenth avenue, owned by the defendant O'Brien and occupied in part by the defendant Anderson, brought this action to recover damages for personal injuries alleged to have been suffered by reason of the negligence of the defendants in maintaining the grating in a broken, dilapidated, and defective condition, dangerous to life and limb of pedestrians, of all of which the defendants and each of them had due and timely notice, and, furthermore, because of the unlawful and illegal acts of the defendants in maintaining the grating without a license from the municipal authorities, pursuant to the ordinances regularly passed by the common council of the city of New York and the unlawful and illegal maintaining of the grating in such a broken and dilapidated condition as to constitute a nuisance.

Nothing appears in the evidence of either side as to municipal ordinances or a license. There was evidence that the grating had been in the same condition as long as known to two witnesses, the manager of the owner and the manager of the shopkeeper—to the latter over five years. Upon the election of the plaintiff's counsel, after both sides had rested, the cause was submitted to the jury upon the issue of nuisance, under instruction of the court, without objection or exception by counsel for the plaintiff:

"That if you find that the plaintiff has maintained her case to your satisfaction to convince you that the injuries she received were due to this grating and were received on it, it is not necessary for her to have proven negligence on the part of the landlord or on the part of the tenant, Anderson, before she may recover. It is sufficient for her to prove that in passing along this grating she was injured on this structure, and by reason of this structure, that was an appurtenant to the defendants' premises. * * * I will charge you as a matter of law that if you believe the story of the plaintiff is sustained by the burden of proof, and believe her story and that of her witnesses that she was actually injured on this grating in the manner testified to by her, that you will then consider the question of damages, even though she does not prove that there was negligence on the part of the defendants."

Then, on the court's asking if there were any special request, the plaintiff's counsel said:

"I ask your honor to charge the jury that whether they find that she fell by reason of a defect in the grate, or whether she fell by reason of having her foot caught between the bars, or whether she fell any place on the grating, she is entitled to recover here for the damages she sustained by reason of the fact that the defendants have adduced no testimony that they had a permit or license from the municipal authorities, and therefore this grating is a nuisance per se."

To which the learned justice returned:

"I so charge."

The verdict returned was for both defendants. This the plaintiff's counsel moved to set aside as against the weight of evidence and on

all the grounds stated in section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580). In the order entered upon granting this application, without costs, and from which comes this appeal, the grounds of the motion are enlarged by interpolating, "contrary to the law of the case and contrary to the instruction of the court," grounds not mentioned in section 254 of the Municipal Court act or in section 999, Code Civ. Proc.

Setting aside the verdict, as did also the motion therefor, involved assumption that the jury found or must have found that the plaintiff suffered an accident, at least substantially, as and where she said she did; that the jury believed or must believe that in passing along this grating she was injured on and by reason of the structure, believed the story that she was actually injured on this grating in the manner testified to by her, that she fell some place on the grating—an issue or issues of fact within the determination of the jury, and wherever the evidence leaves large room for differences. To the occurrence of the alleged accident and its location the plaintiff was the sole witness. Her lawyer's clerk testified he examined the place on the morning of the trial, had had occasion to pass it before the 23d of December, 1908, that then several bars were broken and loose, and that it was in exactly the same condition on the trial day as before the accident. His brother, unemployed, said he examined the grating December 26th, when he made a memorandum of conditions which he had lost; that he had previously had occasion to pass the place, and that some of the bars were out of order, turned, and lay down flat; that he had examined it the day he testified, and that it was in exactly the same condition it was before December 23d. A city surveyor gave the dimensions he had taken that morning, his first visit, and described, too, the grating of which he said the two ends of a bar were loose and would turn and sink. He also said a rod went through the bars to keep them from turning, and this he repeated on his cross.

On the other hand, the husband of the defendant O'Brien testified that he generally visited the place every day, with the exception of Sunday; that he examined this grating from time to time, walked over it, walked around every day to see, and that it was no different on the day of the trial than the first time he went there, about three years ago; that he never saw the grating in a broken condition; that he looked after the tenants upstairs, let rooms, and did repairs all through the building, and saw that they were properly taken care of; that the areaway runs around the entire house, and is about four or five feet in width, wholly within the stoop line. The collector and clerk of the real estate office having charge of the premises stated that he went there on an average of once a day every day in the week, was there on the day of the accident, observed the condition of the grating before and after the accident, and found it in good condition. It was his duty to see that everything was in good condition, and that most every time he went there he had occasion to walk on this particular grate. The manager of the defendant Anderson knew the condition surrounding the store with reference to the grating, and recognized the plaintiff, whom he saw on December 24th; that she pointed out to him the place where she claimed to have fallen, right on the angle on

the Tenth avenue side, observed the grating on the place she pointed out, and found nothing wrong with it, the condition was perfect, in good condition; and that he called the police officer's attention to it, because of the claim of injury on it the day before; that no accident was ever reported to him during the five years he had been there, one of the busiest corners on Tenth avenue, 5,000 or 6,000 people probably passing to and fro during the day, two factories and two public schools being near by; that the grating was used as a footwalk to make a short cut; that the condition of the grating on December 23d was the same as it had been prior to that time; that on December 26th he noticed that somebody had sprung a bar after Christmas, had tampered with one of the bars on the side street about 3½ feet from the cellar door; that it could not move one way or the other; that somebody had also sprung a bar on the Saturday last; that it was about eight feet from the place pointed out by the plaintiff; that he had attempted to move the bar from one side to the other, and could not move it; that the bars were in perfect condition at the time the plaintiff claimed she met with the accident, as they had been prior to that time; that the bars were welded tight in an iron frame and could not turn. A police officer of the precinct, whose beat brought him by Anderson's store, testified he observed the entire grating on the 23d and 24th days of December, and found it to be in perfect condition; examined it particularly, because his attention was directed to it by the storekeeper's manager, who stated a lady had had an accident there. He found the grating to be in perfect condition; nothing wrong with it; each bar in its place. An employé and clerk in Anderson's tea store knew the grating surrounding the premises. It was in good condition, nothing broken, missing, or turned. The bars were in perfect condition. And added to these was the mute evidence of photographs exhibiting a rod running through the grating bars on the avenue and on the street side; all bearing witness, if believed, to facts and circumstances directly contradictory of the statements of the plaintiff's witnesses, and rendering the happening of the occurrence testified to by the plaintiff highly improbable, if not impossible.

There was quite as much evidence, each of its kind, to sustain the defendants' contention, as there was to sustain the claim of the plaintiff, which is well-nigh equivalent to saying that the verdict was not contrary to law—a phrase meaning the verdict is one which the law does not authorize the jury to render upon the evidence; i. e., to draw from the evidence a conclusion not justified by it and so contrary to the law. This meets, also, the objection that the verdict was contrary to the instructions of the court; for those instructions, which, as said their sponsor, the plaintiff's counsel, amounted to a direction to assess damages in favor of the plaintiff, were accompanied by, were predicated upon, a saving clause making belief in her evidence a condition precedent to finding in her favor. The learned trial justice may have believed testimony which the jury did not, and the jury disbelieved evidence which the court credited. Upon the conflict of evidence upon material points exhibited herein, it was not within the discretion of the court to grant a new trial, even though the conclusion reached by the jury were one which the court itself would not have

reached upon the same testimony, because the jury had rendered a verdict supported by the evidence, done what the law authorized them to do.

Considerations salient to the lawyer perusing the foregoing epitome of the pleadings and circumstances leave necessary only brief remarks upon other contentions of the respondent's learned counsel. Judicial cognizance may not be taken of the existence or contents of unproven municipal ordinances. ✓Existence of the gratings, if in good condition, for a half decade or more, under the foot falls of thousands daily trudging past that frequented corner, and in view of the officials charged with observation of that public fareway, was ample presumptive evidence of official knowledge and permission and acquiescence of, for, and in that opening within the stoop line. The cases cited to the contrary are somewhat antiquated, excepting Gelof v. Morgenroth, 130 App. Div. 17, 114 N. Y. Supp. 293, wherein, upon a claim for injuries caused by an alleged falling through the grating in a sidewalk, the court quotes as authoritative the ruling in the case of Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575, stating the duty of the owner of premises abutting on the highway to be the use of reasonable diligence to keep a grating in front of the premises and a portion of the street in repair, so that it shall be as safe as any other part of the sidewalk. The order setting aside the verdict should be reversed, with costs, and the verdict reinstated.

Order reversed, with costs, and the verdict reinstated. All concur.