ELLEN L. DEDRICK, Respondent, *v.* MORRIS SCHINASI, Appellant.

First Department, November 9, 1917.

**Negligence — liability of abutting owner for defects in sidewalk.**

The owner of an apartment or tenement house in the city of New York, the ground floor of which is occupied by shops, is not liable for a defect in a flat bluestone " coping " or strip about ten and one-half inches in width, outside of that part of the surface of the sidewalk consisting of glass and iron designed to give light to a vault below, where said " coping " and glass is a part of the public street, and there is no evidence that the defendant caused or was responsible for the defect therein.

APPEAL by the defendant, Morris Schinasi, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of March, 1917, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 15th day of March, 1917, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney*, for the appellant.

*Abraham P. Wilkes*, for the respondent.

SCOTT, J.:

Defendant is the owner of an apartment or tenement house in the city of New York. The ground floor is occupied by shops. In November, 1914, the plaintiff while passing along

First Department, November, 1917.      [Vol. 179.

the street in front of defendant's · building stepped into a small hole in the sidewalk, turned her ankle and fell, suffering the injuries for which she sues. There is no question raised as to the happening of the accident, the extent of the injuries or the amount of the verdict. The only question is as to defendant's liability.

A photograph received in evidence without objection shows that immediately in front of the building and adjacent to it the surface of the street consists of a structure of glass and iron, common in the city of New York, and designed to give light to a vault below. Outside of this is a flat bluestone " coping " or strip about ten and a half inches in width. Outside this strip the sidewalk is paved with concrete. The vault lights, coping and concrete were all of the same level, and taken together apparently constituted the sidewalk. The defect complained of was on the outer edge of the bluestone strip or " coping." When this strip was placed, where it is, or by whom does not appear.

It is settled law that an owner of property abutting upon a public street is not responsible to travelers for defects in the sidewalk not caused by himself. (*Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129.) There is no evidence that the defendant caused or was responsible for the defect, and, therefore, if that part of the sidewalk on which it was found was a part of the public street the defendant is not liable in this action.

We think it manifest that the stone strip or " coping " was a part of the public highway, and was not on defendant's premises. This is indicated not only by the appearance of the street, as shown on the photograph, but also by a survey put in evidence by the plaintiff, which shows the line of the street as being well inside of the bluestone strip. It follows that there was no liability on the part of defendant to plaintiff. There was an attempt made to show that the coping was over the retaining wall which formed the area or vault under the sidewalk. This attempt failed because the witness interrogated on the subject showed that he had no knowledge on the subject. But even if the attempt had been successful it would not in our opinion have changed the result. If the defect had existed in the steel and glass vault covering,

which was obviously substituted in place of the customary stone or concrete paving, for the especial benefit of defendant a different question would be presented. It did not exist in that part of the sidewalk and the question, therefore, is not here for determination.

It follows that the judgment and order appealed from must be reversed and the complaint dismissed, with costs to appellant in this court and the court below.

CLARKE, P. J., SMITH, DAVIS and SHEARN, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.