ANNA GRIMES, Appellant, *v.* LEONHARD DENNER and MARGARET DENNER, Respondents.

*Negligence — landlord and tenant — duty to repair outside railing — contributory negligence.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the New York county clerk's office, January 10, 1919, dismissing the complaint on motion by defendant at the close of plaintiff's case.

Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Page and Merrell, JJ.; Laughlin and Merrell, JJ., dissented.

LAUGHLIN, J. (dissenting): This is an action for damages for personal injuries sustained by the plaintiff, through falling down a flight of stairs leading from the sidewalk to the basement of premises known as No. 366 West Fifty-second street, borough of Manhattan, New York, between ten and eleven o'clock on the morning of the 27th of August, 1917, alleged to have been caused by the loose condition of an iron railing guarding the opening in the sidewalk for the stairs and extending out from the building over the sidewalk at right angles on the easterly side of the stairs to a point in the sidewalk beyond the commencement of the stairs. The westerly side of the stairway was guarded by a post at the front of the entrance to the ground floor of the building and by a railing extending from the post along the easterly side of the entrance steps up to the landing at the entrance to the building. On the side of this post and railing next to the descending stairway, there was a handrail running diagonally from a point in the post near the top thereof to a point in the wall under the ascending stairway. The railing guarding the opening on the easterly side of the stairway descending to the basement consisted of an upright hollow tube resting on and designed to be bolted to the sidewalk and two similar hollow iron tubes extending horizontally from the upright to the wall of the building to which they were designed to be bolted. The defendants owned the premises. They rented the basement about a year prior to the accident to one D'Amato, who conducted a shoemaker's shop therein with an appropriate sign on the outer side of the door leading directly into the basement from the foot of the stairway. The only evidence with respect to his tenure or the terms of the lease is the testimony of the shoemaker to the effect that he occupied the basement and paid rent therefor to the defendant and that the responsibility was on him to clean the steps and to keep them free from obstruction and in order, and that he did so. The plaintiff was the janitress of the premises known as Nos. 356 and 358 West Fifty-second street, only a few doors easterly of the premises in question. She testified that she was on her way to the shoemaker's to have a pair of shoes, which she was carrying in her right hand, repaired; that she came westerly from the premises of which she was the janitress and on passing said easterly railing, turned to descend the stairs, placing her right foot on the first step below the level of the sidewalk and took hold of the upright of the railing with her left hand while in

the act of stepping down to the second step with her left foot and that the railing slipped, causing her to lose her balance and fall to the bottom of the stairway, whereby she sustained injuries. The evidence tends to show that the bolts securing the upright to the sidewalk had been removed and that the railing was loose and would slide about the surface of the walk, and had been in that condition for about three months prior to the accident. It was also shown that another woman met with a similar accident while descending this stairway about a month prior to this accident, by losing her balance on taking hold of this railing which slipped or gave way; and she testified that at that time there was no bolt in the bottom of the upright and it was perfectly loose and would shift out of position and that when she took hold of it, it gave way and let her go down the stairs. The nonsuit was granted on the theory that this railing and stairway constituted part of the premises demised to the shoemaker or were appurtenant thereto and that the landlord had wholly parted with the possession and control thereof. It is contended in behalf of the appellant that even if that were so it is to be inferred that the shoemaker was a tenant from month to month and that, therefore, the defendants may be held liable either on the theory of nuisance or negligence for demising the premises with the railing in this loose and dangerous condition, and in support of that contention *Junkermann* v. *Tilyou Realty Co.* (213 N. Y. 404), *Ahern* v. *Steele* (115 id. 203) and *Trustees of Canandaigua* v. *Foster* (156 id. 354) are cited. But I am of opinion that those authorities are not applicable here. The tenant was called by the plaintiff, and if she intended to claim that his possession was not continuous under the original lease, she should have developed the facts, but she did not even show what his rent was or whether or not it was paid monthly. I am of opinion, however, that it cannot be said as matter of law that the possession of the railing passed to the tenant and that the duty of maintaining the same in proper order and repair devolved solely on the tenant. The testimony and the photographs show that this railing was wholly beyond the building line and in the public street and that it fenced off part of the sidewalk on the easterly side of the stairway descending to the basement. Doubtless the duty devolved upon the tenant to keep the steps of the stairway in order, for they were used exclusively by him and his customers and the exclusive possession thereof may fairly be said to have passed to him, either as part of the demised premises or as appurtenant thereto (*O'Dwyer* v. *O'Brien*, 13 App. Div. 570), but I think it was otherwise with respect to this railing, the primary purpose of which evidently was to guard the excavation in the sidewalk down which the steps were constructed, forming the entrance to the basement. The jury would have been warranted in finding that it was the duty of the owners, in the circumstances, to bolt this railing to the sidewalk as was originally designed and that they failed to exercise reasonable care in maintaining it in a safe and secure condition, for which omission they would be liable, I think, to any one who, in the exercise of proper care and of his lawful right, in using either the sidewalk or the stairway was injured thereby. (See *Gelof* v. *Morgenroth*, 130 App.

Div. 17.) It is alleged in the complaint that the defendants had charge and control of the premises and of this railing and that they reserved to themselves the right to keep and maintain the railing in proper repair and in a reasonably safe condition. The answer expressly admits that the defendants had charge of the premises and of this railing, but denies that it was the duty of the defendants to keep it in repair or in a reasonably safe condition. The plaintiff also alleges that portions of the premises constituting separate apartments were rented by the defendants to various persons as places of abode and that the premises were known as a tenement house. The answer admits these allegations with the exception of the allegation that the premises constituted a tenement house, and does not even contain an allegation that the owners had parted with the possession of the stairway and basement. Not only, therefore, does the evidence show that the possession and control of the railing remained in the defendants but these facts are expressly admitted by the answer. Neither the age nor the physical condition of the plaintiff was shown nor does the condition of her eyesight appear. It cannot, therefore, be said as matter of law that she was guilty of contributory negligence in placing her hand on the upright with a view to steadying and supporting herself while descending the stairway. The duty being upon the owners to maintain the railing, they were chargeable with notice that it might be so used by those lawfully ascending or descending the stairway. I am of opinion, therefore, that the court erred in nonsuiting the plaintiff and that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. Merrell, J., concurred.

———

THOMAS ENNIS, as Administrator, etc., Respondent, v. HORN & HARDART COMPANY, Appellant.— Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.