Mary A. Daly, Respondent, v. The Rector, Church-wardens and Vestrymen of Trinity Church in the City of New York, Appellant, Impleaded with The City of New York, Defendant.

First Department, June 13, 1919.

Negligence — streets — driveway — presumption of right to build from lapse of time — liability of abutting owner maintaining driveway — duty of pedestrian to observe inequalities in sidewalk — liability of abutting owner for injuries to pedestrian stubbing toe against curbing defining driveway.

A driveway maintained across a sidewalk to an abutting owner's property, which has been in existence for a long period, will be presumed to have been constructed and maintained by permission of the municipal authorities.

Where a driveway was properly constructed by permission of the municipal authorities the abutting owner is liable to a person for injuries received while crossing the same only if its condition has become dangerous through lack of repair, or a change of condition arising from negligence to maintain the driveway in the condition in which it was established.

A pedestrian on a sidewalk is not entitled to an absolutely level and unobstructed passageway. Various incumbrances or inequalities in the surface of a sidewalk are lawful, and it is the duty of a pedestrian to exercise his right of passage with regard to them.

Accordingly where a defendant maintained a driveway across a sidewalk which sloped down to the level of the street and was curbed on either side, the top of the curbing being on a level with the sidewalk, and there is no evidence of a failure to maintain the driveway in proper repair, a person who stubs his toe against the curbing of the driveway and falls, receiving injuries, cannot recover damages from the abutting owner.

Appeal by the defendant, The Rector, Churchwardens and Vestrymen of Trinity Church in the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of July, 1918, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 25th day of June, 1918, denying defendant's motion for a new trial made upon the minutes.

Robert W. Candler of counsel [Jay & Candler, attorneys], for the appellant.

Moses Feltenstein of counsel [M. N. Schleider, attorney], for the respondent.

PAGE, J.:

The plaintiff while walking along the sidewalk on the southerly side of One Hundred and Fifty-fifth street between Amsterdam avenue and Broadway, at about nine o'clock in the evening, did not observe the driveway which led from the roadway to the cemetery of the defendant, and in stepping down from the sidewalk lost her balance, and while attempting to recover her balance stubbed her foot against the curbing on the opposite side of the driveway and fell. This driveway was constructed in the following manner: At the gateway it was level with the sidewalk, and gradually sloped down to the level of the roadway of the street, at which point it was eight inches below the level of the sidewalk. The driveway was fifteen feet wide, paved with " Belgian blocks," and had a bluestone curbing on each side, the top of which was level with the sidewalk. This driveway had been maintained in the same condition for at least thirty years. The complaint was framed on the theory both of nuisance and negligence. The court declined to submit the case to the jury on the theory of nuisance, but did submit the case to them on the theory of negligence.

There was no evidence that the driveway was out of repair or that there was any defect in the driveway. Plaintiff's theory seems to be that the original construction was unsafe and that its maintenance in that condition constituted negligence. The driveway, from the long period of time that it had existed, must be presumed to have been constructed and maintained by the permission of the municipal authorities, and the abutting owner would only be liable if its condition became dangerous through lack of repair, or a change of condition arising from negligence to maintain the driveway in the condition in which it was established. If the original construction was inherently dangerous, its maintenance was a nuisance, and not negligent. The plaintiff having failed to show that the defendant had not exercised such care in the upkeep of the driveway as was incumbent upon it, and that the injury was occasioned either by its omission to do something or its having actively done something which occasioned the injury, the defendant should not have been held liable in negligence.

The property was purchased by the defendant and used as a cemetery. It was necessary to that use that access to the premises should be had by vehicular traffic. The establishment of the driveway was, therefore, a proper and necessary incident to the use of the premises. To define the driveway and keep vehicles within its bounds, it was proper for a curbing to be placed along its sides. (*Dougherty* v. *Village of Horseheads*, 159 N. Y. 154, 158.) The height of the curbing was, at its highest point, the same as the curbing defining the sidewalk from the street roadway, and constituted no greater menace to the pedestrian than the similar curb at street corners. The pedestrian is not entitled to an absolutely level and unobstructed passageway. The municipal authorities may erect hydrants, lamp posts, electric light poles, or authorize the erection of hitching posts, stepping stones, or may, and of necessity must, elevate the sidewalk above the gutter and roadway. It is the duty of the pedestrian to exercise his right of passage along the sidewalk with regard to these lawful incumbrances or inequalities. If through inattention he suffers injury, it is his own fault or misfortune. If, as the plaintiff claims, the street was dark, there was no duty on the part of the defendant to light it. There was an obligation on the part of the plaintiff to exercise a greater degree of care in proceeding along a dark street at night than would have been incumbent upon her in the day time. On neither the theory of negligence nor nuisance did the facts show that the plaintiff had a cause of action against the defendant.

The judgment should, therefore, be reversed, with costs and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.