## JOEL v. ELECTRICAL RESEARCH PRODUCTS, Inc.
### No. 108.

Circuit Court of Appeals, Second Circuit.
Feb. 7, 1938.

589

Homer H. Breland, of New York City, for defendant-appellant.

Mortimer H. Tischler, of New York City (Gabriel Rubino, of New York City, of counsel), for plaintiff-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit, removed from the Supreme Court of New York, Bronx County, on the ground of diversity of citizenship, was brought at law and tried to a jury to recover for personal injuries sustained by the plaintiff when she fell on a driveway in front of premises on Oliver place, in the Bronx, in New York City, which were leased and occupied entirely by the defendant.

Though the cause and place of the plaintiff's fall were both the subject of conflicting testimony, those issues of fact were submitted clearly to the jury in an excellent charge and the verdict, supported as it is by adequate evidence, must now be taken to have established both to have been in accordance with the evidence in behalf of the plaintiff. We therefore treat as correct the following statement of what occurred:

On January 6, 1936, the plaintiff, an elderly lady, approached the defendant's property, walking along the public sidewalk of the street, known as Oliver place, in front of an apartment house adjoining the defendant's premises about 4 o'clock in the afternoon. It was sleeting and freezing and, when she came to the dividing line between the sidewalk in front of the apart-ment house and the defendant's property, she stepped upon a driveway which sloped upwardly from the curb line of the street to double doors leading into the defendant's building which was used to store film. This driveway was slippery and somewhat covered with snow. It had been built of concrete some 26 years previously by a predecessor in occupancy of the defendant under a permit granted by the city. For some years the surface of the concrete, broken near the inside of the double doors nearest the apartment house, had been allowed to remain in a broken condition. The break extended from there diagonally toward the curb to one slab apparently not broken, and then the break continued in the same general direction to the curb, getting somewhat wider as it went. At a point about 2 feet 9 inches in from the curb the break crossed the dividing line and from there to the curb was in front of the apartment house lot. That part of the broken area within the defendant's driveway was roughly from 2 to 11 inches wide and about an inch deep, making jagged edges along the unbroken part, its greatest width in the driveway being that part nearest the curb. The existence of this break was well known to the defendant, whose evidence was to the effect that it had been there ever since it had leased the premises about three years previously and the defendant from time to time had filled the broken part with cinders, but they had partially come out at the time of the accident.

As the plaintiff stepped onto the driveway, the heel of the shoe on her right foot went into the defective part of the concrete and caught. This caused her to lose her balance and fall. She received serious and permanent injuries.

It was undisputed that the defendant used the entrance to its building at this driveway for the receipt of the film to be stored. The trucks bringing the film were not allowed to drive into the building on account of the fire hazard, the film being highly inflammable, and the defendant's evidence was to the effect that they only backed up to the curb from where the film was taken the 12 or 14 feet across the driveway into the building with hand trucks. There was evidence, however, from which the jury might have found that at times these delivery trucks did back up from the curb onto the driveway to get nearer the building. We must, accordingly, take it for granted that the driveway

590

was actually used by the defendant as a driveway, though not as extensively as it might, but for the fire hazard, perhaps have been so used. The decisive issue of law presented is whether, even though the defendant negligently permitted its driveway to remain in an unsafe condition, and that was the sole proximate cause of the plaintiff's injuries, it was under any duty to the plaintiff to keep it in repair.

It has long been the law of New York, as the judge charged the jury, that an abutting owner or occupant of premises owes no duty to pedestrians using a public sidewalk like this to keep it free from defects he does not cause. City of Rochester v. Campbell, 123 N.Y. 405, 25 N.E. 937, 10 L.R.A. 393, 20 Am.St.Rep. 760; Dedrick v. Schinasi, 179 App.Div. 763, 167 N.Y.S. 327. The control over sidewalks exercised of right by the municipality in which they are located circumscribes the freedom of action of the abutter and correspondingly limits his duty to repair.

But, where a sidewalk is also used as a driveway for vehicles, the special use carries with it the correlative duty not to permit the use to create conditions in the driveway unsafe for the passing thereon of pedestrians or, if it does create such conditions, to allow them to remain for an unreasonable time. Such special use of the sidewalk as a driveway is analogous to the use of part of the sidewalk by an abutter for a grate to serve his convenience and for the benefit of his property. That part so put to his special use, under permit and so of right, is so subject to his control that the law places upon him the obligation to maintain it in a suitably safe condition for the public to use it as a part of the sidewalk. Trustees of Canandaigua v. Foster, 156 N.Y. 354, 50 N.E. 971, 41 L.R.A. 554, 66 Am.St.Rep. 575; Gelof v. Morgenroth, 130 App.Div. 17, 114 N.Y.S. 293; Magid v. City of New York, 234 App.Div. 38, 254 N.Y.S. 236, affirmed 259 N.Y. 618, 182 N. E. 206. See, also, Daly v. Trinity Church, 188 App.Div. 280, 176 N.Y.S. 734.

It cannot matter that the special use of part of a public sidewalk takes the form of a driveway for vehicles rather than a grate or other covering for a hole. The law imposes the duty because of the special use of the sidewalk and not more for one particular kind or special use than another. The variable is confined to what will constitute due care to keep in repair with reference to the special use made of

the sidewalk and does not extend to the duty itself which, when created by the use, remains constant. The use by an abutting owner of the sidewalk in part for a driveway has been recognized as such kind of special use. Granucci v. Classen, 204 Cal. 509, 269 P. 437, 59 A.L.R. 435. See, also, Mullins v. Siegel-Cooper Co., 183 N.Y. 129, 75 N.E. 1112, though that case is unlike this, in that here there was insufficient evidence to show that either the defendant or one for whose acts it stands responsible actually created the defect.

Judgment affirmed.