JAMES P. GILLEENY and 216 Others, Appellants, v. ALEXANDER M. BING and Fourteen Others, and RICHARD J. BERNHARD and Others, as Executors, etc., of ARTHUR LEHMAN, Deceased, Respondents.— Order denying cross-motion by the plaintiffs for leave to file a demand for a jury trial *nunc pro tunc* as of July 27, 1938, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

SADYE GOLDHAMER, Respondent, v. THE HOME LIFE INSURANCE COMPANY, Appellant.— The plaintiff has recovered judgment against an abutting owner for damages caused by tripping over the cover of a sewer manhole projecting two or three inches above the grade of the sidewalk. It is conceded that the city constructed the manhole and placed the cover thereon. It is for the exclusive use of the city. There is no evidence to support a finding that either the defendant or its predecessors in interest built the sidewalk or by any affirmative and overt act did anything to create the condition. Judgment reversed on the law, with costs, and the complaint dismissed, with costs. (*City of Rochester v. Campbell*, 123 N. Y. 405; *Dedrick v. Schinasi*, 179 App. Div. 763.) Appeal from order dismissed. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

FRANCES HOGAN, Respondent, v. NATIONAL SELLERS, INC., Appellant.— In an action in the City Court of the City of White Plains for personal injuries caused by an alleged defect in a sidewalk in front of the defendant's place of business, the plaintiff has recovered judgment from which the defendant appeals. Judgment reversed on the law and the facts, with costs to abide the event, and a new trial ordered. It was error for the court to charge the jury that, as a matter of law, the defendant was in control of the walk where the accident happened. Subsequent repairs might indicate control, but not as a matter of law. It was also error to admit the plaintiff's Exhibit 3. No proper foundation was laid for its admission. The width of Main street was not legally established. The testimony of the plaintiff's witness as to its width was an arbitrary conclusion not based upon any facts in the record. Assuming that the public has used this walk for many years as part of the public street, it may be that the municipality is liable for defects in the walk. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

In the Matter of the Estate of LOUISE A. S. ALLEN, Deceased. M. SHALER ALLEN, Appellant; ELIZABETH ALLEN, Respondent.— In a discovery proceeding, order of the Surrogate's Court, Westchester county, granting motion of a coexecutrix for an inquiry and examination of appellant, affirmed, with ten dollars costs and disbursements, payable by appellant personally. Examination to proceed at the place appointed in the order of the surrogate on five days' notice. No opinion. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.